[No. 9421-9-III.   Division Three.   February 28, 1989.]

RABANCO, LTD., ET AL, *Respondents,* v. JIM WEITZEL, ET AL, *Petitioners,* GRANT COUNTY, ET AL, *Respondents.*

*C. Monty Hormel,* for petitioners.

*Paul Cressman, Christopher Soelling, Short & Cressman, Diehl Rettig, Raekes & Rettig, Michael Crutcher,*

*John C. Bjorkman,* and *Preston, Thorgrimson,* for respondents Rabanco, Ltd., et al.

*Paul Klasen, Prosecuting Attorney; Henry Stiles* and *Lukins & Annis,* for respondents Grant County, et al.

MUNSON, J.—The Weitzels move to modify the Commissioner's denial of their motion for discretionary review. The motion is denied.

Rabanco, Ltd., brought an action against Grant County and the Grant County commissioners for breach of contract. It also sued Jim and Dorothy Weitzel individually, alleging tortious conduct. The action was filed in the Benton–Franklin County judicial district pursuant to RCW 36.01.050.[1] All parties except Grant County and the Weitzels have been dismissed from Rabanco's action.

The Weitzels moved to dismiss, citing *Aydelotte v. Audette,* 110 Wn.2d 249, 750 P.2d 1276 (1988). The motion was denied; they sought discretionary review; our Commissioner denied that motion. They now seek modification of the Commissioner's ruling.

The Weitzels contend they are entitled to dismissal as a matter of law because RCW 4.12.020(2) mandates actions against public officials be brought in the county in which they reside. The Weitzels reside in Grant County.

■ *Aydelotte* does so hold; however, it did not address RCW 36.01.050. In *Save Our Rural Env't v. Snohomish Cy.,* 99 Wn.2d 363, 662 P.2d 816 (1983), the court synthesized the relationship between RCW 36.01.050 and 4.12.030; it found both statutes to be "straightforward and unambiguous." *Save Our Rural Environment,* at 366. A county may be sued in an adjoining county pursuant to RCW 36.01.050 and likewise a party so sued may move for a change of venue based upon RCW 4.12.030. Since *Aydelotte* dealt only with RCW 4.12.020(2), that decision is not dispositive here. Furthermore, the cases cited in *Aydelotte* dealt principally with motor vehicle accidents, some of which did not

---

[1]RCW 36.01.050 permits suit against one county in an adjoining county.

involve the county as an entity. We conclude *Save Our Rural Environment* is dispositive of the issues presented here.

The result would remain the same even if the County had been dismissed, which it was not. *Frank Coluccio Constr. Co. v. Kitsap Cy. Sewer Dist. 6*, 52 Wn.2d 776, 329 P.2d 189 (1958) stands for the proposition that once jurisdiction is acquired over one party, the fact other parties do not reside within that jurisdiction is of no avail. Likewise, if circumstances permit, they may move for a change of venue pursuant to RCW 4.12.030.

Pursuant to RCW 36.01.050, Rabanco could have instituted this suit in the Benton–Franklin judicial district, the Chelan–Douglas judicial district, as well as Adams County, Kittitas County, Lincoln County, or Yakima County, since those counties adjoin Grant County. Rabanco exercised its option and brought the matter in the Benton–Franklin County judicial district; the action was proper. RCW 36.01-.050.

Motion to modify is denied.

THOMPSON, C.J., and SHIELDS, J., concur.

Reconsideration denied April 11, 1989.