[No. 9592-4-III. Division Three. June 12, 1990.]

JACKIE JOANNE BRUNEAU, *Appellant*, v. GRANT COUNTY, ET AL, *Respondents*.

*Michael Aiken,* for appellant.

*T.W. Small, Steven W. Woods,* and *Jeffers, Danielson, Sonn & Aylward, P.S.,* for respondents.

SHIELDS, J.—This tort action arose from events which occurred in Grant County on March 14, 1985, in which Ms. Bruneau was allegedly assaulted and injured by Grant County Deputy Sheriffs Melvin and Wiester while they were on duty and under the supervision of Sheriff Ramon.

On March 11, 1988, 3 days before this action was barred by the statute of limitation, Jackie Joanne Bruneau filed suit in Chelan County pursuant to RCW 36.01.050[1] against

---

[1] RCW 36.01.050 reads:

"All actions against any county may be commenced in the superior court of such county, or of the adjoining county, and all actions by any county shall be commenced in the superior court of the county in which the defendant resides, or in the county adjoining the county by which such action is commenced."

Grant County; Grant County Sheriff Felix Ramon, individually and in his official capacity; Deputy Sheriffs Jon Melvin and William Wiester, individually and in their official capacity; and their respective spouses. The trial court dismissed her action for lack of subject matter jurisdiction. Ms. Bruneau appeals; we affirm in part and reverse in part.

The issues concern whether the trial court erred in denying Ms. Bruneau's motion for change of venue and in dismissing the entire action for lack of subject matter jurisdiction.

Shortly after filing suit, Ms. Bruneau became aware of *Aydelotte v. Audette,* 110 Wn.2d 249, 250, 750 P.2d 1276 (1988), decided March 10, 1988, which held that RCW 4.12.020[2] was jurisdictional. On May 6, 1988, based upon the *Aydelotte* ruling, Ms. Bruneau moved for change of venue. On June 17, 1988, defendants moved to dismiss for lack of subject matter jurisdiction. Both motions were argued on June 20, 1988. On June 27, 1988, the trial court issued a letter decision which stated it was "bound by the decision of *State v. Aydelotte* [*sic*], . . . and by that decision is required to dismiss this action." Entry of the formal order of dismissal was delayed pending the outcome of a motion for reconsideration in the *Aydelotte* case. On July 28, 1988, Ms. Bruneau, ex parte and without notice to defendants, obtained a voluntary dismissal as to defendants Ramons, Melvins, and Wiesters, leaving only Grant County as a defendant.

On August 1, 1988, the defendants became aware of the order dismissing the Ramons, Melvins, and Wiesters. Grant County orally objected to the entry of that order, and requested the court dismiss all defendants, in accordance

---

[2]RCW 4.12.020 provides, in part:

"Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

". . . .

"(2) Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office, or against a person who, by his command or in his aid, shall do anything touching the duties of such officer;"

with its letter decision of June 27. Thereupon, the court entered an order dismissing all defendants and denying Ms. Bruneau's motion for change of venue. On August 12, 1988, the defendants moved the court to vacate its order of voluntary dismissal of the Ramons, Melvins and Wiesters. This motion was orally granted on September 6, 1988, and the formal order was entered on October 25, 1988.

On appeal, the defendants contend *Aydelotte v. Audette, supra,* is dispositive. They argue it would have been proper for Ms. Bruneau to bring the action in Grant County and then move for a change of venue to Chelan County, but filing the action in Chelan County resulted in a lack of subject matter jurisdiction and, therefore, the court properly denied Ms. Bruneau's motion for change of venue. The defendants also assert the trial court properly vacated the order voluntarily dismissing the Ramons, Melvins and Wiesters, because: (1) Ms. Bruneau's motion was untimely, since it was brought after the matter had been submitted for the court's determination; and (2) she failed to give proper notice as required by CR 54(f)(2).

In *Aydelotte,* the court relied on RCW 4.12.020(2) and held the only county having subject matter jurisdiction over an action against public officers acting within their official capacity is the county where the cause of action arose; once the action was commenced, however, a change of venue could be sought under RCW 4.12.030. Ms. Bruneau's action against defendants Ramon, Melvin, and Wiester, acting in their official capacity, had to be commenced in Grant County. Furthermore, the Chelan County court had no subject matter jurisdiction as to them to grant her motion for change of venue.[3] The trial court did not err in this regard.

---

[3] Had Ms. Bruneau brought the action against the Ramons, Melvins and Wiesters solely as *individuals,* rather than as public officials, her suit against them would arguably have been properly commenced in Chelan County along with her suit against Grant County. *See Rabanco, Ltd. v. Weitzel,* 53 Wn. App. 540, 768 P.2d 523 (1989).

As to the dismissal of the action against Grant County, however, *Aydelotte* is distinguishable. As noted in *Rabanco, Ltd. v. Weitzel,* 53 Wn. App. 540, 768 P.2d 523 (1989), the *Aydelotte* case did not address RCW 36.01.050, the statute under which this case was initiated. Additionally, it appears the plaintiffs in *Aydelotte* made no attempt to drop from the action the public officers over whom the court in the adjoining county had no subject matter jurisdiction. In the present case, Ms. Bruneau did attempt to remove defendants Ramon, Wiester, and Melvin so that Chelan County would have perfected jurisdiction in an action against Grant County.[4]

Ms. Bruneau's motion for voluntary dismissal relative to the Ramons, Melvins, and Wiesters was essentially a motion to drop parties under CR 21. In *Carle v. Earth Stove, Inc.,* 35 Wn. App. 904, 907, 670 P.2d 1086 (1983), this court stated, "Since CR 21 is identical to and patterned from the federal rule, it is appropriate that we apply the federal courts' interpretation." In *Anderson v. Moorer,* 372 F.2d 747 (5th Cir. 1967), a motion to drop some of the defendants, made to cure jurisdictional defects, was allowed. Although it is left to the trial court's discretion whether a party will be dropped, *Anderson* has been cited for the proposition that it is judicial abuse of discretion to refuse to allow certain defendants to be dropped in order to perfect jurisdiction. *Brown v. Texas & P.R.R.,* 392 F. Supp. 1120, 1124 (W.D. La. 1975). A motion to drop parties can be made at any stage of an action. Here, Ms. Bruneau's motion was timely made. The defendants, of course, are correct that they should have been given notice of the motion under CR 54(f)(2) and RCW 4.28.210 before it was

---

[4]The cases concerning voluntary nonsuit cited by both plaintiff and defendants are not applicable. The cases cited are based on CR 41, which pertains to dismissal of actions. The correct rule involved is CR 21, which reads:

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

signed. The court nevertheless should not have dismissed the action as to Grant County, over which it did have jurisdiction.

The dismissal of the action by the Superior Court is affirmed as to the Ramons, Melvins and Wiesters, reversed as to Grant County, and remanded for further proceedings.

GREEN, A.C.J., and THOMPSON, J., concur.