[No. 13204-4-II.   Division Two.   March 28, 1991.]

GEORGE E. JOHANSON, *as Personal Representative, Respondent,* v. THE CITY OF CENTRALIA, *Appellant.*

*Patrick L. Brock* and *Borders & Brock,* for appellant.

*Gregory C. Abel* and *Sterbick, Abel & Sterbick,* for respondent.

WORSWICK, C.J.—Ida Johanson died in a car accident involving Centralia's diversion canal located in Thurston County. Her personal representative sued Centralia and Thurston County in Pierce County. Centralia moved for a change of venue to Lewis County or, alternatively, to Thurston County. The trial court ordered the case transferred to Thurston County.

The personal representative contends on cross appeal[1] that the court erred because Pierce County was a permissible venue under RCW 36.01.050, which permits an action against a county to be brought in an adjoining county. We agree.

---

[1]Centralia's contention on appeal—that the court erred in transferring the case to Thurston instead of Lewis County—is foreclosed because Centralia invited the error. *Deaconess Med. Ctr. v. Department of Rev.,* 58 Wn. App. 783, 795 P.2d 146 (1990).

██ RCW 4.12.020 provides in relevant part:

Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:

. . . .

(3) For the recovery of damages arising from a motor vehicle accident; but in a cause arising because of motor vehicle accident plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.

RCW 36.01.050 provides in relevant part:

All actions against any county may be commenced in the superior court of such county, or of the adjoining county, . . ..

Each statute deals with a different aspect of the same subject matter, venue of a lawsuit. RCW 4.12.020 deals with a specific kind of action, a motor vehicle accident, whereas RCW 36.01.050 deals with a specific kind of defendant, a county. RCW 4.12.020, arguably a more specific statute, might control if the two statutes are in conflict. *General Tel. Co. of the Northwest, Inc. v. Utilities & Transp. Comm'n*, 104 Wn.2d 460, 464, 706 P.2d 625 (1985). Our duty is to resolve a conflict if there is one. *In re King*, 110 Wn.2d 793, 799, 756 P.2d 1303 (1988). We conclude that what superficially appears to be a conflict is really not.

We believe the two statutes are complementary.[2] RCW 4.12.020 permitted the plaintiff to bring this particular kind of *lawsuit* in the county where "some one of the defendants" resides; Thurston County was, therefore, a permissible venue. RCW 36.01.050, dealing with a specific kind of

---

[2]*See Save Our Rural Env't v. Snohomish Cy.*, 99 Wn.2d 363, 366–67, 662 P.2d 816 (1983) (reconciling RCW 36.01.050 with RCW 4.12.030, which provides for changing venue). *See also Rabanco, Ltd. v. Weitzel*, 53 Wn. App. 540, 768 P.2d 523 (1989).

*defendant,* then came into play, allowing the plaintiff the further option of filing suit in adjoining Pierce County.

Reversed.

PETRICH and MORGAN, JJ., concur.