[No. 42329-4-II.   Division Two.   September 18, 2012.]

ROBIN EUBANKS ET AL., *Respondents*, v. DAVID BROWN, *Petitioner*.

*Michael E. McFarland Jr.*, for petitioner.

*Karen S. Lindholdt* (of *Karen S. Lindholdt PLLC*); *Marletta Giles-Ward* (of *Colton Ward PLLC*); and *Philip A. Talmadge* and *Emmelyn Hart* (of *Talmadge / Fitzpatrick*), for respondents.

¶1 Quinn-Brintnall, J. — David Brown appeals the Clark County Superior Court's denial of his motion for a change of venue, arguing that he had the right under Washington's venue statutes to have the action against him commenced in Klickitat County. Finding no error, we affirm.

## FACTS

¶2 Brown is a former deputy prosecuting attorney for Klickitat County. During his employment with the county, he had supervisory authority over administrative assistants Robin Eubanks and Erin Gray. In 2010, Eubanks and Gray sued Brown, Klickitat County, and the Klickitat County Prosecuting Attorney's Office, alleging that Brown sexually harassed them while they worked in the prosecutor's office. Noting that they were suing Brown individually, they alleged that he regularly sat in their shared office with his pants unzipped and his legs spread open on his desk, that he positioned himself in the office doorway so that they would need to rub against him when they left, that he licked his lips constantly while talking to them, that he stared at them while they worked and followed them around the office, that he gave unwanted gifts to Eubanks, and that he stared at Gray's breasts during conversations.

¶3 Eubanks and Gray filed their lawsuit in Benton County, apparently believing that they could sue all parties in any adjoining county. When Brown's attorney informed them that venue in Benton County was not proper, they

moved to change venue to Clark County, and the Benton County Superior Court granted their motion.

¶4 Brown then moved to dismiss the complaint or to transfer venue of the claims against him to Klickitat County. Brown argued that although venue as to the county was proper in Clark County, he had the right as a public officer to be sued in Klickitat County. The Clark County Superior Court denied his motion, finding that venue was proper in Clark County. When Division Three of this court filed a decision appearing to support Brown's position, he filed a CR 60(b)(11) motion to vacate the order denying his motion to dismiss or to transfer venue, but the trial court denied that motion as well. We granted Brown's motion for discretionary review.

## ANALYSIS

VENUE FOR ACTION AGAINST COUNTY AND DEPUTY PROSECUTING ATTORNEY

■ ¶5 At the outset, we disagree with the respondents' assertion that the standard of review is abuse of discretion. Although a decision to change venue that properly exists is reviewed for abuse of discretion, the question whether venue should be changed because the complaint has not yet been brought in the proper county is a legal question that we review de novo. *Moore v. Flateau*, 154 Wn. App. 210, 214, 225 P.3d 361, *review denied*, 168 Wn.2d 1042 (2010).

■ ■ ¶6 Venue in Washington is governed by statute. *See Shoop v. Kittitas County*, 108 Wn. App. 388, 396, 30 P.3d 529 (2001) (in contrast to subject matter jurisdiction of the superior court, venue is appropriate subject for legislation), *aff'd*, 149 Wn.2d 29, 65 P.3d 1194 (2003). Venue rules limit a plaintiff's choice of forum to ensure that the lawsuit's locality has some logical relationship to the litigants or to the dispute's subject matter. *Shoop*, 108 Wn. App. at 396. But where those rules provide several places where venue may be proper, "the choice lies with the plaintiff in the first

instance." *Baker v. Hilton*, 64 Wn.2d 964, 965, 395 P.2d 486 (1964); *see also Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 765, 380 P.2d 744 (1963) (plaintiffs should not be allowed to select forums indiscriminately).

██ ██ ¶7 It is generally accepted that specific venue statutes control over general venue statutes. *Sim v. Wash. State Parks & Recreation Comm'n*, 90 Wn.2d 378, 382-83, 583 P.2d 1193 (1978); *Hickey v. City of Bellingham*, 90 Wn. App. 711, 716, 953 P.2d 822, *review denied*, 136 Wn.2d 1013 (1998). Three venue statutes are at issue in this case. The first is the default provision found in RCW 4.12.025(1), which states that "[a]n action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action." *See Moore*, 154 Wn. App. at 214-15 (recognizing RCW 4.12.025(1) as default venue provision for civil actions in Washington); *Hickey*, 90 Wn. App. at 716 (describing RCW 4.12.025 as the general venue statute). Under RCW 4.12.025(1), the legislature has decreed that the defendant has a right to have an action against him commenced in the county of his residence, except under specific circumstances governed by other statutes. *Russell*, 61 Wn.2d at 765.

¶8 The two more specific venue directives are found in RCW 36.01.050 and RCW 4.12.020. RCW 36.01.050(1) provides that all actions against a county "may be commenced in the superior court of such county, or in the superior court of either of the two nearest judicial districts." RCW 4.12.020 provides that actions against a public officer for acts done by him in virtue of his office "shall be tried in the county where the cause, or some part thereof, arose."

██ ¶9 Brown argues that RCW 4.12.020(2) is the most specific venue statute applicable in this context and requires the action against him to be brought in Klickitat County, where the cause of action concerning acts done by him by virtue of his public office arose. As support, he cites Division Three's recent decision in *Youker v. Douglas*

*County*, 162 Wn. App. 448, 258 P.3d 60, *review denied*, 173 Wn.2d 1002 (2011).

¶10 Alleging malicious prosecution, false arrest, and related claims, the plaintiff in *Youker* sued Douglas County and two of its deputies in Chelan County Superior Court. 162 Wn. App. at 453, 456. The Chelan County court granted a motion to transfer venue to Douglas County, reasoning that although RCW 36.01.050 provided for three acceptable venues in which to sue the county, RCW 4.12.020(2) specified that Douglas County was the only proper venue with respect to the deputies. *Youker*, 162 Wn. App. at 457-58. Division Three affirmed, holding that the statutes applied as written and did not conflict. *Youker*, 162 Wn. App. at 459-60.

¶11 As support, the court cited *Roy v. City of Everett*, 48 Wn. App. 369, 738 P.2d 1090 (1987). In *Roy*, the plaintiff brought suit in King County against Snohomish County, five Everett police officers, and several other defendants, and the trial court denied the officers' motion to transfer venue to Snohomish County. 48 Wn. App. at 370. Division One of this court reversed, holding that the officers had the right to have the action against them commenced in Snohomish County under both RCW 4.12.020(2) and .025(1). *Roy*, 48 Wn. App. at 371-72.

¶12 We do not see these cases as controlling because unlike the deputies in *Youker* and the officers in *Roy*, Brown is not being sued for actions done by virtue of his office. The deputies in *Youker* were sued for their actions in arresting and incarcerating the plaintiff. 162 Wn. App. at 453-56. The officers in *Roy* were sued for failing to protect the plaintiffs from their assailant. 48 Wn. App. at 370. These actions and inactions clearly were related to the official duties of these public officers. Here, however, Brown is being sued individually for personal misconduct in a workplace and not for any failure concerning his official duties. *See Robel v. Roundup Corp.*, 148 Wn.2d 35, 54, 59 P.3d 611 (2002) (where employee's acts are directed toward personal sexual

gratification, employee's conduct falls outside scope of his employment); *Thompson v. Everett Clinic*, 71 Wn. App. 548, 554, 860 P.2d 1054 (1993) (doctor's sexual assaults emanated from personal motive for sexual gratification and were not attributable to clinic), *review denied*, 123 Wn.2d 1027 (1994); *see also State ex rel. Hand v. Superior Court*, 191 Wash. 98, 107, 71 P.2d 24 (1937) (where National Guard officers were sued as individuals, predecessor to RCW 4.12.020(2) did not control venue).

■ ¶13 Brown argues in the alternative that even if RCW 4.12.020(2) does not apply, RCW 4.12.020(3) requires venue to be changed to Klickitat County because that is the only county where any of the defendants reside. Under RCW 4.12.020(3), a plaintiff seeking damages for personal injury "shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action."[1] Before its amendment in 2001, this provision addressed only damages arising from motor vehicle accidents; the amendment broadened its scope to include all injury actions. *See* former RCW 4.12.020(3) (1941); *Moore*, 154 Wn. App. at 215-16.

■■ ¶14 Eubanks and Gray argue that RCW 36.01.050 and RCW 4.12.020(3) can and should be reconciled in a manner that allows their claims against both Brown and the county to be commenced in Clark County. As support, they cite *Cossel v. Skagit County*, 119 Wn.2d 434, 834 P.2d 609 (1992), *overruled by Shoop*, 149 Wn.2d 29.[2] Our Supreme Court held

---

[1] The plaintiffs here seek damages for "emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety and anguish, economic loss, damage to career, medical expenses," and other general and special damages. Clerk's Papers at 21.

[2] *Shoop* overruled *Cossel* in holding that RCW 36.01.050 relates only to venue and not to subject matter jurisdiction. 149 Wn.2d at 37.

that former RCW 4.12.020(3) and former RCW 36.01.050 (1963) could be read together to allow a plaintiff to commence an action against a county in either the adjacent county, the situs county, or a county where one of the defendants resides.[3] *Cossel*, 119 Wn.2d at 437. Interpreting the two statutes in this manner was consistent with the purposes behind RCW 36.01.050:

> "The policy . . . is apparently to provide plaintiffs with alternative forums without the need to demonstrate bias or impartiality in any other forum. The statute affords a degree of protection to plaintiffs suing counties without unduly burdening the county officials who must respond to the charges."

*Cossel*, 119 Wn.2d at 438 (alteration in original) (quoting *Briedablik, Big Valley, Lofall, Edgewater, Surfrest, N. End Cmty. Ass'n v. Kitsap County*, 33 Wn. App. 108, 118, 652 P.2d 383 (1982), *overruled on other grounds by Save Our Rural Env't v. Snohomish County*, 99 Wn.2d 363, 367, 662 P.2d 816 (1983)).

¶15 *Cossel* also relied on our analysis in *Johanson v. City of Centralia*, 60 Wn. App. 748, 807 P.2d 376 (1991). The plaintiff in *Johanson* was a personal representative who sued Centralia and Thurston County in Pierce County after Johanson died in a car accident in Thurston County. 60 Wn. App. at 749. When the plaintiff appealed the trial court's order transferring the case to Thurston County, we considered the venue options in former RCW 4.12.020(3) and found them reconcilable with former RCW 36.01.050. *Johanson*, 60 Wn. App. at 749-50. We observed that former RCW 4.12.020(3) dealt with a specific kind of action while former RCW 36.01.050 dealt with a specific kind of defendant. *Johanson*, 60 Wn. App. at 750-51. Because former RCW 4.12.020(3) permitted the plaintiff to bring this par-

---

[3] As enacted in 1963, RCW 36.01.050 allowed a suit against a county to be brought in that county or the adjoining county. In 1997, the statute was divided into subsections and the reference to adjoining county was changed to "the two nearest counties," and in 2000, that reference was changed to "the two nearest judicial districts." Laws of 1997, ch. 401, § 1; Laws of 2000, ch. 244, § 1.

ticular kind of lawsuit where one of the defendants resided, Thurston County was a permissible venue. *Johanson*, 60 Wn. App. at 750. Former RCW 36.01.050, dealing with a specific kind of defendant, then came into play and allowed the plaintiff the further option of filing suit in adjoining Pierce County. *Johanson*, 60 Wn. App. at 750-51.

¶16 Also pertinent is *Rabanco, Ltd. v. Weitzel*, 53 Wn. App. 540, 768 P.2d 523 (1989). *Rabanco* concerned an action filed in the Benton-Franklin County judicial district against Grant County for breach of contract and against Dorothy and Jim Weitzel individually for tortious conduct. 53 Wn. App. at 541. The court held that venue was proper against all defendants in the adjoining Benton-Franklin County judicial district under former RCW 36.01.050, and that the Weitzels were not entitled to have the action against them brought in Grant County, their county of residence. *Rabanco*, 53 Wn. App. at 542; *see also Bruneau v. Grant County*, 58 Wn. App. 233, 236 n.3, 792 P.2d 174 (1990) (had plaintiff sued Grant County sheriff's department employees as individuals and not as public officials, she could have sued both them and the county in Chelan County).

¶17 Consequently, we conclude that the more specific venue statutes control over the general default statute, RCW 4.12.025. We conclude further that RCW 4.12.020(2) is inapplicable because Brown is not being sued for acts done by him in virtue of his office. Although RCW 4.12.020(3) does apply, it presents two options that are not incompatible with the third option in RCW 36.01.050(1). The plaintiffs may choose among the options presented, and venue in Clark County is therefore proper as to both Klickitat County and Brown. Accordingly, the trial court's denial of Brown's motion for change of venue was proper and we affirm.

JOHANSON, A.C.J., and VAN DEREN, J., concur.

Review granted at 176 Wn.2d 1026 (2013).