IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | |
| | ) | No. 31619-0-III |
| CATHERINE M. ALLEN, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| JEFFREY R. ALLEN, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — Jeffrey Allen appeals an order increasing his child support obligations. Jeffrey contends Commissioner Harry Ries should have recused himself from presiding over a motion to change venue because Commissioner Ries previously represented Jeffrey against his former wife Catherine Allen. Alternatively, Jeffrey argues the court erred in denying his request to change venue. Last, Jeffrey argues the court denied him due process when another court commissioner changed his child support obligations because he never received information about his wife's finances. We reject Jeffrey Allen's arguments and affirm the order modifying Jeffrey's child support obligations.

## FACTS

Jeffrey Allen and Catherine Allen, now divorced, have two children together. The

No. 31619-0-III
*In re Marriage of Allen*

Grant County Superior Court, where family members then resided, entered the divorce decree. The two children receive public support through payments to Catherine. Under a November 6, 2009 order, Jeffrey previously paid Catherine $200 each month in child support. In 2011, Catherine and the children moved to Everett, Snohomish County. In turn, Jeffrey moved to Tacoma, Pierce County, to reside closer to his children.

On August 7, 2012, the State of Washington moved, in Grant County Superior Court, to increase Jeffrey's child support obligations. The clerk scheduled a hearing for the modification motion on November 1, 2012.

On October 5, 2012, Jeffrey Allen moved to change venue. Jeffrey asserted that he now lived in Pierce County and Catherine and their children lived in Snohomish County. Jeffrey sought to change venue to Snohomish County and offered to pay any associated court fees. On October 17, the clerk scheduled a hearing, on the motion to change venue, for October 26, 2012.

In support of his motion to change venue, Jeffrey declared:

> In conclusion my wishes to have a change of venue fits within the parameters [of] RCW 26.09.280. It makes no sense to find solutions to our conflict 250 miles away where we don't live and not where the children currently reside. Its [sic] not my intention to stop any modification for support but to just move our arguments and changes where we both have direct access to representation, resources and little travel involved. It just makes common sense.

Clerk's Papers (CP) at 48.

2

In response to Jeffrey's motion to change venue, Catherine averred that "Mr. Allen has filed a change of venue as an attempt to avoid a modification of child support." CP at 64. Catherine further declared, "I ask the courts to continue this matter to be heard after the completion to the pending hearing for Modification of Child Suppport [sic] is completed." CP at 65.

Jeffrey and Catherine both appeared for the October 26, 2012 hearing telephonically. At Catherine Allen's request, the trial court continued consideration of the motion to change venue until after consideration of the motion to modify Jeffrey's child support obligations, which was already scheduled to be heard November 1, 2012.

At the November 1, 2012 hearing, Superior Court Commissioner Pro Tem Harry Ries first entertained Jeffrey Allen's motion to change venue. Jeffrey informed the court that he planned to move to Mukilteo, Snohomish County. Thus, Jeffrey, Catherine, and their two children would all reside in Snohomish County. Catherine argued that the child support modification should be heard before the motion to change venue. Jeffrey responded that he never received paperwork, worksheets or other documentation for the support modification.

Commissioner Harry Ries issued a written decision on November 6, 2012. Commissioner Ries ordered a change of venue to Snohomish County, unless the State objected. Commissioner Ries observed that Catherine Allen moved, on September 30, 2011, for a change of venue to Snohomish County, and she never withdrew the motion.

3

No. 31619-0-III
*In re Marriage of Allen*

Under RCW 4.12.080, the court must order a venue change where the parties stipulate to such a change in writing. Commissioner Ries wrote:

> It appears to the Court that each party has moved to change venue of this action to Snohomish County. That is tantamount to a stipulation, and the Court must honor that stipulation. However, the most recent action in the file (*State's Motion and Declaration for Adjustment of Support*) is brought on behalf of the Department of Social and Health Services pursuant to statute. At the hearing on November 2, 2012, the state did not indicate whether it had an objection to the change of venue. If the state does not object to the change, then venue will be changed to Snohomish County.

CP at 69.

The State objected to a change of venue on the ground that transferring venue would delay the motion to increase child support. On February 7, 2013, Commissioner Pro Tem Ries denied Jeffrey Allen's motion to change venue. The State rescheduled its motion to modify Jeffrey Allen's support obligations for February 28, 2013.

On February 19, 2013, Jeffrey Allen moved the superior court to reconsider the court commissioner's order denying the request to change venue. Jeffrey captioned his motion as "Motion for Order re: Review of Judgment," which caused confusion. CP at 82. In addition to seeking a reversal of the venue motion, Jeffrey also argued that Commissioner Pro Tem Ries should have disqualified himself because he earlier served as attorney for Jeffrey in the case. A hearing for reconsideration was scheduled for March 22, 2013. The State rescheduled its motion for support modification for March, 28, 2013.

4

No. 31619-0-III
*In re Marriage of Allen*

On March 20, 2013, the State responded to Jeffrey Allen's motion with an affidavit from Jerald Hamley. Hamley averred:

> I am the Deputy Prosecuting Attorney who filed the modification action because the previous Child Support Order dated November 6, 2009, was filed and heard in Grant County, Washington, which gives Grant County jurisdiction to hear the modification action; that this matter was previously heard by Judge Pro Tem Harry Ries and that the reasons to change venue do not exist in this case because there is no live testimony of witnesses to be taken; traditionally modification actions are based on financial declarations and not oral testimony; that the mother rightfully points out that a change of venue will create a 3 or 4 month delay; that the purpose of the Motion to Change Venue is likely to forestall paying an increase of child support by the father; that this matter is set for a modification hearing on March 28, 2013, and that the parties have submitted their financial information to the court in Grant County and there will be no benefit in sending this information to an entirely new County Court.

CP at 96. On March 21, 2013, by declaration, Jeffrey Allen argued the State exceeded its authority by representing Catherine Allen in this matter. Also on March 21, Catherine Allen declared that she had abandoned her prior motion to change venue because of the cost of retaining new counsel in Snohomish County. Catherine also noted that Jeffrey should have earlier recognized Commissioner Pro Tem Harry Ries and asked for a disqualification, if needed.

On March 22, 2013, Superior Court Commissioner Melissa Chlarson rejected, as untimely, Jeffrey Allen's motion to reconsider a change in venue. Commissioner Chlarson explained that Commissioner Ries entered the order denying the change of venue on February 7, 2013, and a motion for reconsideration must be filed within ten

5

days. Jeffrey did not file his motion to reconsider until February 19, 2013.

Commissioner Chlarson further explained: "Okay so what needed to happen though would have been a Motion for Revision or a Motion for Reconsideration and it would have been essentially by the Superior Court Judge and the timeframe for that has essentially elapsed." Report of Proceedings (RP) at 15. The motion's improper caption caused the confusion. Commissioner Chlarson then recessed court to determine if a Superior Court judge was available to hear a motion for revision. Commissioner Chlarson later reconvened the hearing and declared that no judge would hear the motion for revision that day, but a judge would hear the motion on March 29, 2013. Jeffrey stated he could not be in Grant County on March 29. Jeffrey struck the hearing to reconsider Commissioner Pro Tem Harry Ries' denial of a change in venue.

On March 28, 2013, Commissioner Melissa Chlarson conducted a hearing on the State of Washington's motion to modify Jeffrey Allen's child support obligations. Jeffrey Allen argued that the commissioner's attempt to gain a Superior Court judge to hear a motion for revision required her to remove herself from hearing the motion to modify his support obligations. Jeffrey also argued that the State failed to serve him with the financial documents underlying its motion to modify child support.

During the March 28 hearing, Court Commissioner Chlarson reviewed declarations of mailing for the Notice of Hearing, Proposed Child Support Worksheet, and Sealed Financial Source Documents, which declarations confirmed the State mailed

6

Jeffrey Allen the necessary financial records. Jeffrey argued he must not have received the documents because the State produced no signed receipt from him confirming receipt of the records. Commissioner Chlarson informed Jeffrey that service is proper without a return receipt. As Commissioner Chlarson announced she would entertain the motion to modify support, Jeffrey repeatedly interrupted her. The commissioner warned him, "[I]f you interrupt me one more time I will hold you in contempt of court and what that means is that you could go downstairs and spend some jail time." RP at 29.

During the March 28 hearing, Commissioner Melissa Chlarson granted the State's motion to modify Jeffrey Allen's child support obligations. The commissioner ordered Jeffrey to pay $401.50 to Catherine for each of their two children for a total of $803 every month. As Commissioner Chlarson issued her oral ruling, Jeffrey and Catherine both repeatedly interrupted.

## LAW AND ANALYSIS

### Change of Venue

Jeffrey Allen asks this court to reverse Commissioner Pro Tem Harry Ries' decision denying his motion to change venue to Snohomish County. He asks that we vacate the order modifying his child support obligation and transfer that motion to the Snohomish County Superior Court. Jeffrey contends Commissioner Ries should have recused himself from presiding over the motion to change venue because Commissioner

Ries previously represented him against Catherine. We reject his contention since he fails to cite to facts in the record and law supporting his position.

RAP 10.3(5) provides:

> *Statement of the Case.* A fair statement of the facts and procedure relevant to the issues presented for review, without argument. Reference to the record must be included for each factual statement.

The purpose of rules governing contents of appellate briefs is to enable the court and opposing counsel efficiently and expeditiously to review the accuracy of the factual statements made in the briefs and efficiently and expeditiously to review the relevant legal authority. *Litho Color, Inc. v. Pacific Employers Ins. Co.*, 98 Wn. App. 286, 305-06, 991 P.2d 638 (1999).

> Strict adherence to the aforementioned rule is not merely a technical nicety. Rather, the rule recognizes that in most cases, like the instant, there is more than one version of the facts. If we were to ignore the rule requiring counsel to direct argument to specific findings of fact which are assailed and to cite to relevant parts of the record as support for that argument, we would be assuming an obligation to comb the record with a view toward constructing arguments for counsel as to what findings are to be assailed and why the evidence does not support these findings. This we will not and should not do.

*In re Estate of Lint*, 135 Wn.2d 518, 532, 957 P.2d 755 (1998). This court will not search the record to construct an argument for the appellant. *Mills v. Park*, 67 Wn.2d 717, 721, 409 P.2d 646 (1966). Instead, appellate courts treat assigned errors without citation to the factual record as lacking merit. *Glazer v. Adams*, 64 Wn.2d 144, 149, 391 P.2d 195 (1964).

8

Jeffrey Allen's brief contains no citation to the record. The brief egregiously violates RAP 10.3 and 10.4. Thus, we treat all of Jeffrey Allen's assigned errors as without merit.

We note that Jeffrey did not raise any disqualification of Commissioner Ries until after the Commissioner denied his motion to change venue. Therefore, he waived the assignment of error. RAP 2.5.

Jeffrey Allen argues Commissioner Pro Tem Harry Ries should have recused himself under RCW 3.34.110. That statute provides for disqualification for district court judicial officers. Harry Ries was a Commissioner Pro Tem for Grant County Superior Court. Therefore, RCW 3.34.110 does not apply.

Jeffrey Allen argues Commissioner Harry Ries should have recused himself under RCW 2.28.030. RCW 2.28.030 provides:

> A judicial officer is a person authorized to act as a judge in a court of justice. Such officer shall not act as such in a court of which he or she is a member in any of the following cases: . . . (4) When he or she has been attorney in the action, suit, or proceeding in question for either party; *but this section does not apply to an application to change the place of trial*, or the regulation of the order of business in court.

RCW 2.28.030(4) (emphasis added). A motion to change venue is synonymous with a motion to change the place of trial. Therefore, RCW 2.28.030 did not disqualify Commissioner Ries from entertaining the motion to change venue.

9

RCW 26.09.280 permits a party to petition to modify child support in the "county where the minor children are then residing, or in the court in which the final order, judgment, or decree was entered, or in the county where the parent or other person who has the care, custody, or control of the children is then residing." RCW 26.09.280. The State petitioned for modification in Grant County, where the final order was entered. Under the statute, venue was proper.

A decision to change venue that properly exists is reviewed for abuse of discretion. *Eubanks v. Brown*, 170 Wn. App. 768, 771, 285 P.3d 901 (2012), *aff'd*, 180 Wn.2d 590, 327 P.3d 635 (2014). RCW 4.12.030 controls a change in venue. That statute provides:

> The court may, on motion, in the following cases, change the place of trial when it appears by affidavit, or other satisfactory proof: . . . (4) That from any cause the judge is disqualified; which disqualification exists in either of the following cases . . . when he or she has been of counsel for either party in the action or proceeding.

Jeffrey Allen emphasizes the hardships he suffered traveling to Grant County to contest the support modification. Admittedly, the parties' residency in Everett might favor venue in Snohomish County. Nevertheless, Commissioner Ries, upon the objection by the State, desired to avoid further delay in modifying Jeffrey's child support obligations. Commissioner Ries articulated a valid reason for his decision and thus did not abuse his discretion.

10

## Service of Financial Records

Jeffrey Allen contends the trial court deprived him of due process by entering an order modifying his support obligations when the State failed to properly serve him with Catherine Allen's finances. Without citation to authority, Jeffrey argues proper service required the State to provide proof of personal service or a certificate of mailing. CR 5(b) governs service requirements. The rule permits a party to provide proof of service by "written acknowledgement of service, by affidavit of the person who mailed the papers, or by certificate of an attorney." CR 5(b)(2)(B). The State filed a declaration of mailing showing that it mailed a Child Support Worksheet and Sealed Financial Source Documents. This declaration suffices. The court did not deny Jeffrey due process.

## Attorney Fees

Both Jeffrey and Catherine Allen request attorney fees and costs on appeal under RCW 26.09.140. RAP 18.1 permits a party to recover reasonable attorney fees and costs if an applicable law provides for it, but the party must devote a section of his or her opening brief to the request for the fees or expenses. RAP 18.1(b). This requirement is mandatory. *Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996). The rule requires more than a bald request for attorney fees on appeal. *Stiles v. Kearney*, 168 Wn. App 250, 267, 277 P.3d 9 (2012). Argument and citation to authority are required under the rule to advise the court of the appropriate grounds for an award of attorney fees as costs. *Stiles*, 168 Wn. App at 267.

11

Catherine requested the court "award her costs and fees for maintaining Mr. Allen's appeal (RCW 26.09.140)," Br. of Resp't at 8, and Jeffrey moved for an "awarded [sic] costs and fees associated with this appeal per RCW 26.09.140." Br. of Appellant at 11. Both Jeffrey and Catherine failed to devote a section of their briefs to their requests. We therefore deny the respective requests. We also note that both parties appear pro se and likely incurred no fees.

## CONCLUSION

We affirm the trial court's modification of child support. We deny both parties an award of fees and costs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Brown, J.

12