# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR BEAR STEARNS ARM TRUST 2007-3, | No. 50523-1-II |
| Respondent, | |
| v. | |
| DANIEL G. SZMANIA, and OCCUPANTS OF PREMISES, | UNPUBLISHED OPINION |
| Appellant. | |

Lee, A.C.J. — Daniel G. Szmania appeals the superior court's denial of his motion to dismiss Wells Fargo's unlawful detainer complaint against him. Szmania argues that (1) the superior court did not have subject matter jurisdiction over Wells Fargo's unlawful detainer action because a prior lawsuit he initiated involving his property had been removed to federal court, (2) Wells Fargo failed to properly serve process on him because it failed to comply with the superior court's order for alternative service, (3) Wells Fargo's complaint failed to state a claim upon which relief could be granted under CR 12(b)(6), and (4) the superior court abused its discretion by entering orders in this case when it did not have jurisdiction. Because Wells Fargo failed to comply with the alternative service statute and the trial court's order for alternative service, we reverse.

No. 505231-II

FACTS

In July 2016, Wells Fargo purchased a property located in Brush Prairie, Washington at a trustee's sale held pursuant to RCW 61.24.[1] Szmania, the former owner of the property, failed to vacate the property following sale. In December, Wells Fargo filed a complaint for unlawful detainer in order to remove Szmania from the premises and secure possession of its purchased property.

On January 23, 2017, Wells Fargo filed a motion for alternative service, requesting that the superior court allow alternative service by posting the unlawful detainer summons and complaint on the premises and by mailing a copy to Szmania. In support, Wells Fargo attached a declaration of non-service from the process server, who stated that he had attempted to serve Szmania, but could not because the gate was locked, a car blocked the driveway, and a banner on the premises indicated a threatening environment. The superior court granted Wells Fargo's motion and entered an order for alternative service. This order stated that pursuant to RCW 59.12.040, service of process could be completed by posting a copy of the summons and complaint "in a conspicuous place on the subject [p]roperty" and by mailing a copy to Szmania by certified mail. Clerk's Papers (CP) at 22.

---

[1] RCW 61.24.030(3) grants the power of sale when "a default has occurred in the obligation secured or a covenant of the grantor, which by the terms of the deed of trust makes operative the power to sell."

RCW 61.24.030 has also been amended since the events of this case transpired. These amendments also do not materially affect the statutory language relied on by this court. Accordingly, we refrain from including the word "former" before RCW 61.24.030.

On February 2, Wells Fargo filed a declaration of service in which the process server stated that he served Szmania on January 30 "[b]y attaching in a secure manner to the main entrance of that portion of the premises of which the defendant has possession" the unlawful detainer summons and complaint. CP at 25. Wells Fargo also filed a certificate of mailing, which stated that a copy of the summons and complaint had been mailed to Szmania by first class mail on February 1.

On February 16, Szmania filed a motion to dismiss Wells Fargo's unlawful detainer action pursuant to CR 12(b)(1)-(6). Szmania argued that the superior court did not have subject matter jurisdiction or personal jurisdiction over the unlawful detainer action because a prior, separate lawsuit he initiated against Wells Fargo had since been removed to federal court and service of process was improper. Szmania supported his motion to dismiss with, among other documents, a declaration stating that a complaint he filed against Wells Fargo had been removed to federal court in July 2016.[2] The complaint in the removed case was filed on June 27, 2016 and included claims for (1) declaratory judgment, (2) permanent injunction, (3) forfeiture of deed, (4) satisfaction of mortgage, (5) other equitable relief, (6) quiet title, and (7) actions under the Criminal Profiteering Act and Consumer Protection Act.

The superior court denied Szmania's motion to dismiss in May 2017. The superior court also entered an order for default judgment on Wells Fargo's unlawful detainer complaint, and entered an order to issue writ of restitution without bond, which ordered possession of the premises restored in Wells Fargo. Szmania appeals.

---

[2] The details of this lawsuit are unclear from the record, but the declaration in support of removal shows that in addition to Wells Fargo, Szmania named E-Loan Inc., Bear Stearns, Benjamin D. Petiprin, and John G. Stumpf as defendants.

ANALYSIS

A.  SERVICE OF PROCESS

Szmania argues that service of process was improper because Wells Fargo failed to comply with the superior court's order for alternative service.  Specifically, he argues that the summons and complaint were posted on his homeowner's association gate, not his property.  Szmania also claims that he never received a copy of the summons and complaint in the mail.  We agree that Wells Fargo failed to comply with the alternative service statute, and the superior court's order based on that statute, by failing to mail a copy of the summons and complaint by certified mail.

1.  Legal Principles

We review de novo whether service of process was proper.  *Scanlan v. Townsend*, 181 Wn.2d 838, 847, 336 P.3d 1155 (2014).  Proper service of the summons and complaint is essential to invoke personal jurisdiction over the defendant.  *Id*.  Proper service of process must satisfy both statutory and constitutional requirements.  *Id*.  The plaintiff bears the initial burden of proving a prima facie case of sufficient service.  *Id*.  The party challenging service of process must show by clear and convincing evidence that service was improper.  *Id*.

2.  Improper Service of Process

The dispute here is whether service of process was proper.  The superior court authorized alternative service pursuant to RCW 59.12.085.  This allowed alternative service of process by (1) posting the summons and complaint in a conspicuous place on the premises unlawfully held, and (2) by mailing a copy of the summons and complaint to the defendant's last known address by regular and certified mail.  RCW 59.12.085(2)(a), (b).

To show service was sufficient, Wells Fargo filed an affidavit of the process server stating that service was carried out on January 30, 2017, "[b]y attaching in a secure manner to the main entrance of that portion of the premises of which the defendant has possession" the order for alternative service, the summons for unlawful detainer, and the complaint for unlawful detainer. CP at 23. Wells Fargo also produced a certificate of mailing stating that a copy of the summons and complaint were mailed to Szmania at his last known address by first class mail.

While this showed that Wells Fargo complied with the first statutory requirement to post the summons and complaint in a conspicuous place on the premises, it did not show that Wells Fargo complied with the second statutory requirement for alternative service. RCW 59.12.085(2)(b) requires Wells Fargo to mail a copy of the summons and complaint "by both regular mail *and certified mail*." (Emphasis added). The process server's affidavit showed that instead of mailing the summons and complaint by both regular mail and certified mail, he mailed the documents only by first class mail. Thus, Wells Fargo did not comply with the statutory requirement for alternative service, and it did not meet its initial burden of proving a prima facie case of sufficient service. The process server's affidavit also allowed Szmania to meet his burden of showing by clear and convincing evidence that service was improper because the process server's affidavit failed to establish compliance with the statute and court order. As a result, we reverse the superior court's denial of Szmania's motion to dismiss.

B.      SUBJECT MATTER JURISDICTION AND VENUE

Szmania argues that the superior court did not have subject matter jurisdiction over Wells Fargo's unlawful detainer action because a prior lawsuit he initiated against Wells Fargo had been removed to federal court. Szmania argues that because the federal court never remanded this other case to the State court, "subject matter jurisdiction was never restored" to the State court. Br. of Appellant at 24. He also argues that venue was improper because "no [v]enue exists with no jurisdiction." Br. of Appellant at 24. We disagree.

1.      Standard of Review

Whether a court has subject matter jurisdiction over a claim is a question of law that we review de novo. *Outsource Servs. Mgmt, LLC v. Nooksack Bus. Corp.*, 181 Wn.2d 272, 276, 333 P.3d 380 (2014). Also, the question of whether venue is proper is a legal question that we review de novo. *Eubanks v. Brown*, 170 Wn. App. 768, 771, 285 P.3d 901 (2012), *aff'd*, 180 Wn.2d 590, 327 P.2d. 635 (2014).

2.      The Superior Court had Subject Matter Jurisdiction

"There are very few limitations on the subject matter jurisdiction of superior courts in Washington." *Outsource Servs Mgmt*, 181 Wn.2d at 276. Under the Washington State Constitution, superior courts have original jurisdiction "in all cases at law which involve the title or possession of real property" and "actions of forcible entry and detainer" as well as in "all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court." WASH. CONST. art. IV, § 6. RCW 59.12.050 vests the superior court of the county

in which the property or some part of it is situated with jurisdiction in unlawful detainer proceedings.

An unlawful detainer action is a summary proceeding limited to determining the right to possession of property. *Josephinium Assocs. v. Kahli*, 111 Wn. App. 617, 624, 45 P.3d 627 (2002). It is a narrow action, and the court's jurisdiction is limited to determining the right of possession. *Id.* "[I]ssues unrelated to possession are not properly part of an unlawful detainer action." *Heaverlo v. Keico Indus., Inc.* 80 Wn. App. 724, 728, 911 P.2d 406 (1996).

Szmania appears to argue that the superior court did not have subject matter jurisdiction over Wells Fargo's unlawful detainer action because a separate lawsuit he initiated involving his property had been removed to federal court. His sole support for this argument is 28 U.S.C. § 1446(d), which states that once a civil action has been removed from state court, "the State court shall proceed no further unless and until the case is remanded."

However, the record shows that the state court did not proceed further in the case removed to federal court. The case Szmania references as being removed to federal court was a June 2016 complaint that he brought against several parties, including Wells Fargo, for declaratory judgment, permanent injunction, forfeiture of deed, satisfaction of mortgage, quiet title, and claims under the Criminal Profiteering Act and Consumer Protection Act. Conversely, the civil action at issue here is an unlawful detainer action Wells Fargo brought in December 2016.Szmania does not argue that the state court proceeded in the case he initiated against Wells Fargo following removal to federal court. And Szmania provides no authority to support his argument that removal of a separate

7

lawsuit to federal court strips the state court of subject matter jurisdiction over any subsequent litigation between the parties.

Szmania relies on a Ninth Circuit Court of Appeals opinion, which held that once a state or federal court obtains jurisdiction over property, the property " 'is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereign.' " *Sexton v. NDEX West, LLC*, 713 F.3d 533, 536 (9th Cir. 2013) (internal quotation marks omitted) (quoting *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 809 (9th Cir. 2003)). In other words, when " 'one court is exercising *in rem* jurisdiction over a res, a second court will not assume *in rem* jurisdiction over the same *res*.' " *Id.* (quoting *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011)). However, here, nothing in the record shows that the federal court exercised in rem jurisdiction over Szmania's property, and thus, *Sexton* does not apply. Accordingly, we reject Szmania's argument on this basis.

RCW 59.12.050 vests the superior court of the county in which the property or some part of it is situated with jurisdiction in unlawful detainer proceedings. Therefore, Szmania's challenge to the superior court's subject matter jurisdiction in Wells Fargo's unlawful detainer action fails.

3.      Szmania Fails to Show Venue was Improper

Szmania also argues that the superior court should have granted his motion to dismiss Wells Fargo's unlawful detainer action based on improper venue. His sole argument on this basis is that "no [v]enue exists with no jurisdiction." Br. of Appellant at 24.

As explained above, Szmania fails to show that the superior court did not have subject matter jurisdiction over Wells Fargo's unlawful detainer action. And even if Szmania could make this showing, "[v]enue and jurisdiction are distinct concepts." *Dougherty v. Dep't of Labor & Indus.*, 150 Wn.2d 310, 315, 76 P.3d 1183 (2003). While jurisdiction connotes the power of the court to decide a case on its merits, venue connotes locality. *Id.* at 316. " 'Venue is a procedural, rather than jurisdictional, issue.' " *Id.* (quoting 92A C.J.S. *Venue* § 2, at 241-42 (2000)). Therefore, we reject Szmania's argument that subject matter jurisdiction somehow influences whether venue was proper here. Because Szmania provides no other argument that venue was improper, we hold that his claim on this basis fails.

C.     ABUSE OF DISCRETION

Finally, Szmania appears to re-argue his challenge to the superior court's subject matter jurisdiction, except under an abuse of discretion standard. Again, he claims that removal of a separate case to federal court precluded the superior court from entering any order on Wells Fargo's unlawful detainer action. As explained above, we review de novo whether a court had subject matter jurisdiction over a claim. *Outsource Servs. Mgmt, LLC*, 181 Wn.2d at 276. And Szmania still fails to provide any legal authority holding that a superior court does not have subject matter jurisdiction over an unlawful detainer action based on a separate case being removed to federal court. Szmania also fails to provide citation to any legal authority to support his claim that the superior court judge should be "personally and equally liable" for damages Szmania sustained in relocating from the property at issue in this unlawful detainer action. Br. of Appellant at 33. Accordingly, we hold that these arguments fail.

No. 505231-II

We reversed based on Wells Fargo's improper service of process.[3]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Bjorgen, J.

_____
Sutton, J.

---

[3] Because we reverse based on improper service of process, we do not address the merits of Szmania's CR 12(b)(6) claim.

10