147 P.3d 610 (2006)
KEYSTONE MASONRY, INC., Respondent,
v.
GARCO CONSTRUCTION, INC., a Washington corporation; Travelers Casualty & Surety Company, a domestic/foreign insurance company; Travelers Casualty & Surety Company Of America, a domestic/foreign company, Petitioners,
Sumner School District # 320, a municipal school district, Defendant.
No. 34174-3-II.
Court of Appeals of Washington, Division 2.
November 7, 2006.
*612 William M. Symmes, Ryan Marshall Beaudoin, Witherspoon Kelley Davenport & Toole PS, Spokane, WA, for Petitioners.
Randal Scott Thiel, Chelsey A Torgerson-westfall, Chism Thiel McCafferty Campbell & Steinm, Seattle, WA, for Respondent.
QUINN-BRINTNALL, C.J.
¶ 1 Keystone Masonry, Inc. filed a breach of contract claim in Pierce County Superior Court against Garco Construction, Inc., Travelers Casualty & Surety Company, Travelers Casualty & Surety Company of America, and Sumner School District No. 320. Garco and Travelers moved to change venue from Pierce County to Spokane County. The trial court denied Garco and Travelers' motion for change of venue and they appeal. Because the forum selection clause in Garco's subcontract with Keystone set venue for such a lawsuit in Spokane County, we reverse and grant to Garco and Travelers attorney fees and costs under RCW 4.12.090 and RAP 18.1.

FACTS
¶ 2 Garco was the general contractor for the construction of Bonney Lake High School for Sumner School District No. 320, located in Pierce County. Garco subcontracted with Keystone for the school's masonry work. Travelers bonded the project for Garco. Garco's principal place of business is Spokane.
¶ 3 Keystone filed this lawsuit in Pierce County, alleging that Garco breached the subcontract. Keystone also filed notice of a claim against Travelers' contractor's bond under chapter 39.08 RCW, and notice of a claim under chapter 60.28 RCW against the retained percentage held by the School District.
¶ 4 Garco sent two letters to Keystone asking that it consent to a change of venue to Spokane County. Keystone did not respond, so Garco and Travelers jointly moved to change venue. They based this motion on a forum selection clause in the subcontract between Garco and Keystone which read:
This Subcontract shall be considered to have been made in and shall be interpreted under the laws of the State of WASHINGTON. The site of any arbitration or venue of any lawsuit arising out of this Subcontract or the work hereunder shall be at SPOKANE County, WASHINGTON.
Clerk's Papers at 27. Keystone objected to a change of venue and asserted that: (1) Garco was violating the public policy against forum shopping; (2) under the doctrine of forum non conveniens, venue should remain in Pierce County because at least 19 witnesses were located there; and (3) RCW 60.28.030 requires that an action to foreclose a lien on the retainage percentage held in the reserve fund be brought in the county where the lien is filed. Other than the public policy argument, Keystone did not allege an infirmity with the contract itself.
¶ 5 The Pierce County Superior Court denied Garco and Travelers' motion to change venue to Spokane County and also denied Garco and Travelers attorney fees.
¶ 6 We granted Garco and Travelers' motion for discretionary review to address two issues: First, whether the forum selection provision of the Garco and Keystone contract is enforceable. And second, if so, are Garco and Travelers entitled to attorney fees for having to go to court to obtain benefit of the forum selection provision?
¶ 7 Because the parties disagree, we must also address the applicable standard of review.

*613 ANALYSIS
STANDARD OF REVIEW
¶ 8 The parties dispute the standard of review. Garco and Travelers argue that this appeal involves the interpretation of a contract and that the appropriate standard of review is de novo. Keystone asserts that this appeal involves the trial court's denial of a motion for change of venue and that the appropriate standard of review is manifest abuse of discretion. Garco and Travelers are correct.
¶ 9 Absent disputed facts, the legal effect of a contract is a question of law that we review de novo. Yeats v. Estate of Yeats, 90 Wash.2d 201, 204, 580 P.2d 617 (1978). Here, the trial court entered no findings and the parties presented no disputed facts. Thus, we review the Garco and Keystone contract de novo. In addition, to the extent that Keystone's argument relies on the application of venue statutes, our review of statutory construction is likewise de novo. Berrocal v. Fernandez, 155 Wash.2d 585, 590, 121 P.3d 82 (2005). Thus, we hold that when there are no disputed facts, the proper standard of review of the application of a contract's forum selection clause is de novo.
VENUE
¶ 10 Keystone asserts three arguments why the trial court correctly ruled that venue properly rests in Pierce County, despite the subcontract's forum selection clause: (1) the forum selection clause is void as contrary to public policy; (2) the doctrine of forum non conveniens mandates, or at least allows, venue in Pierce County; and (3) the venue provision in the public works lien statute, RCW 60.28.030, requires Keystone to bring its retainage action in Pierce County.
PUBLIC POLICY
¶ 11 Keystone asserts that the forum selection clause in its subcontract with Garco is void as against public policy. We disagree.
¶ 12 A contract provision is void as contrary to public policy if it seriously offends law or public policy. In re Marriage of Hammack, 114 Wash.App. 805, 810-11, 60 P.3d 663, review denied, 149 Wash.2d 1033, 75 P.3d 968 (2003). By enacting RCW 4.12.080,[1] the legislature specifically approved forum selection clauses by mandating that such agreements will determine venue, even if grounds exist to locate the forum elsewhere. RCW 4.12.080; and see RCW 4.12.030. And we have stated "[p]articularly in the commercial context, the enforcement of forum selection clauses serves the salutary purpose of enhancing contractual predictability." Voicelink Data Servs. v. Datapulse, Inc., 86 Wash.App. 613, 617, 937 P.2d 1158 (1997). Our Supreme Court also announced that "the policy of this state is that, if the parties agree to a venue for a suit, the trial court cannot allow the suit to be brought in any county other than the one agreed on by the parties." Mangham v. Gold Seal Chinchillas, Inc., 69 Wash.2d 37, 45, 416 P.2d 680 (1966). Washington's public policy strongly favors enforcement of forum selection clauses. Keystone's argument that the forum selection clause in its contract with Garco violates public policy has no merit.
FORUM NON CONVENIENS
¶ 13 Keystone next asserts that, the forum selection clause notwithstanding, Pierce County is the proper venue under the doctrine of forum non conveniens because at least 19 witnesses live in Pierce County. Again, we disagree.
¶ 14 When the parties have agreed on a forum, the trial court must enforce the agreement unless the party objecting to the chosen forum can establish that enforcing it would be "unreasonable and unjust." Voicelink, 86 Wash.App. at 617-18, 937 P.2d 1158. To meet its heavy burden of proving "unreasonable and unjust" enforcement, Keystone must show either that: (1) the venue agreement *614 was obtained by fraud, undue influence, or unfair bargaining power; or (2) the chosen forum would be so seriously inconvenient as to deprive the party of a meaningful day in court. Bank of America, N.A. v. Miller, 108 Wash.App. 745, 748, 33 P.3d 91 (2001). If the objecting party does not prove the venue agreement is unreasonable and unjust, failure to enforce the agreement is reversible error. See Miller, 108 Wash.App. at 749, 33 P.3d 91.
¶ 15 Keystone has not alleged fraud or any form of unfairness in the contract negotiations. Nor has the company established that witness inconvenience would be so great as to deprive them of an opportunity to present their case; the requisite level of hardship necessary to satisfy the second factor. Its reliance on the forum non conveniens factors in RCW 4.12.030 is misplaced. When the parties have selected a forum, the court does not engage in a balancing test under RCW 4.12.030. RCW 4.12.080. Further, inconvenience foreseeable by the parties at the time they entered the contract cannot render a forum selection unenforceable. Miller, 108 Wash.App. at 748-49, 33 P.3d 91. Keystone does not assert that it will not be able to adequately present its case in Spokane County, and anything less is insufficient to defeat enforcement of an otherwise valid forum selection clause. Keystone will have an adequate opportunity to present its case against Garco in Spokane County.
RCW 60.28.030
¶ 16 Last, Keystone argues that RCW 60.28.030, the public works lien statute, allows it to file its lawsuit in Pierce County. We disagree because this argument is contrary to legal precedent.
¶ 17 That statute's venue provision reads: "The lien shall be enforced by action in the superior court of the county where filed."[2] RCW 60.28.030. Because no Washington case has addressed whether this provision may be modified by a forum selection clause or by another form of waiver, this is an issue of first impression. The venue provision of RCW 60.28.030 is part of Washington's "Little Miller Act."[3] The "Little Miller Act" is very similar to the federal Miller Act.[4] Thus, Washington courts turn to federal law to guide the interpretation of this statute. See, e.g., 3A Ind., Inc. v. Turner Constr. Co., 71 Wash.App. 407, 411, 869 P.2d 65 (1993), review denied, 124 Wash.2d 1006, 877 P.2d 1288 (1994).
¶ 18 Federal courts have interpreted a nearly identical provision in the Miller Act.[5] The federal "courts [held], in almost all cases, that this seemingly exclusive [venue] requirement can be modified by valid contractual forum selection clauses." DEBORAH F. BUCKMAN, CONSTRUCTION AND APPLICATION OF VENUE PROVISIONS OF MILLER ACT, 140 A.L.R. FED. 615 (1997). An exception was found only when such enforceability would deprive the federal courts of jurisdiction. United States ex rel. B & D Mech. Contractors v. St. Paul Mercury Ins. Co., 70 F.3d 1115, 1117 (1995), cert. denied, 517 U.S. 1167, 116 S.Ct. 1568, 134 L.Ed.2d 667 (1996). In an almost identical situation as presented here, in which a defendant who was a surety wished to enforce a subcontract's forum selection clause, the federal court held that the contract's forum selection clause overrode the Miller Act venue provision. Arrow Plumbing & Heating, Inc. v. N. Am. Mech. Servs. Corp., 810 F.Supp. 369, 371-72 (1993).
*615 ¶ 19 Accordingly, we hold that the venue requirement of RCW 60.28.030 may be waived and that in this case it was waived. Garco's surety, Travelers, joined in the motion to change venue and thus satisfied the consent requirement of RCW 4.12.080. In addition, the School District, holder of the reserve fund, indicated that it had no objection to moving the case to Spokane County. This conduct constitutes a waiver of these parties' "right" to have the case tried in Pierce County. See CR 82(b) ("If an action is brought in the wrong county, the action may nevertheless be tried therein unless the defendant . . . requests that the trial be held in the proper county and files an affidavit of merits."); Voicelink, 86 Wash.App. at 622, 937 P.2d 1158 (quoting CR 82(b) in context of RCW 60.28.030 appeal). We hold that the forum selection clause in the Keystone and Garco subcontract overrides the venue provision in the Little Miller Act.
¶ 20 Keystone argues that public policy disfavors such a waiver because of the increased cost to the public if the School District must litigate this matter in Spokane County. This argument is unpersuasive. The School District, not Keystone, must assert it. Moreover, in light of the School District's limited role in the lawsuit, it is unlikely that there are any increased costs to the public. The School District need not appear in court, so the change of venue should not affect it. RCW 60.28.030.
¶ 21 None of Keystone's stated reasons are sufficient to relieve it of the obligation to comply with the forum selection clause in its contract with Garco. Spokane County is the proper venue for its lawsuit. Therefore, we reverse the trial court's denial of Garco and Travelers' motion to transfer venue to Spokane County in accord with the forum selection clause of the Garco and Keystone contract.
ATTORNEY FEES
¶ 22 Garco and Travelers also appeal the trial court's denial of their request for attorney fees and costs under RCW 4.12.090, and request that they be awarded attorney fees on review under the same statute and under RAP 18.1.
¶ 23 Whether a party is entitled to attorney fees is an issue of law which we review de novo. Ethridge v. Hwang, 105 Wash.App. 447, 460, 20 P.3d 958 (2001). Under RCW 4.12.090(1), "if the court finds that the plaintiff could have determined the county of proper venue with reasonable diligence, it shall order the plaintiff to pay the reasonable attorney's fee of the defendant for the changing of venue to the proper county." We may award or deny fees under this provision or we may use our discretion and remand the case to the trial court to determine whether Keystone could have determined the county of proper venue with reasonable diligence and, if so, compute Garco and Travelers' attorney fees incurred in arguing the motion for change of venue in the trial court and on appeal. See Cole v. Sands, 12 Wash. App. 199, 202, 528 P.2d 998 (1974) (remanding for determination of attorney fees under RCW 4.12.090(1)).
¶ 24 By letter, Garco advised Keystone of the impropriety of filing the action in Pierce County and warned that it would move to change venue to Spokane County. Garco's co-defendants agreed to venue in Spokane County. And we have ruled that there is no arguable legal basis upon which Keystone could set venue in Pierce County.
¶ 25 Although no Washington court had addressed whether RCW 60.28.030's venue requirement is overcome by a valid contract's forum selection clause, the singular rule in federal law, to which Washington courts turn in answering such questions under that act, is that a valid forum selection clause governs venue. Keystone could have, with reasonable diligence, determined that Spokane County, not Pierce County was the county of proper venue. Thus, under RCW 4.12.090, the trial court erred in denying Garco and Travelers' request for attorney fees and costs below.
¶ 26 We reverse the trial court's orders denying Garco and Travelers' motion for change of venue and for attorney fees and costs and we remand to the trial court with directions to transfer venue to Spokane County Superior Court and award Garco and Travelers attorney fees and costs.
*616 ¶ 27 Garco and Travelers also request attorney fees and costs on appeal, citing RCW 4.12.090 and RAP 18.1. RCW 4.12.090(2) grants a court, trial or appellate, discretion to award costs and fees to a defendant if the court finds that a motion for change of venue is proper. Keystone argues that it would be unjust if we awarded appellate fees and costs because it prevailed below and has amassed substantial costs in having to respond to this appeal. But it was Keystone that chose to sue Garco for breach of the contract in Pierce County despite the contract's Spokane County forum selection clause. And when Garco and Travelers requested that the case be transferred to Spokane County, Keystone offered no legally sound argument to support its objection to the motion to transfer. Thus, it was Keystone that caused Garco and Travelers in turn to amass substantial fees and costs to enforce the unchallenged contract's forum selection clause. We accordingly award Garco and Travelers attorney fees and costs of appeal upon compliance with RAP 18.1.
¶ 28 Reversed and remanded.
We concur: HOUGHTON, C.J., and VAN DEREN, J.
NOTES
[1] RCW 4.12.080 reads:

Notwithstanding the provisions of RCW 4.12.030 all the parties to the action by stipulation in writing or by consent in open court entered in the records may agree that the place of trial be changed to any county of the state, and thereupon the court must order the change agreed upon.
RCW 4.12.030 outlines the grounds upon which a judge is authorized to change venue.
[2] Although ambiguous, the Supreme Court ruled that the nearly identical provision under the Miller Act is a venue provision, not a jurisdictional provision. Arrow Plumbing & Heating, Inc. v. N. Am. Mech. Servs. Corp., 810 F.Supp. 369, 371 (1993) (citing F.D. Rich Co. v. United States, 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), superseded by statute on other grounds, as stated in Int'l Ass'n of Teamsters v. Ass'n of Flight Attendants, 1988 U.S. Dist. LEXIS 17602 (1988)).
[3] Chapters 18.27, 39.08, and 60.28 RCW.
[4] See former 40 U.S.C. § 270a (1999); 3A Ind., Inc. v. Turner Constr. Co., 71 Wash.App. 407, 411, 869 P.2d 65 (1993), review denied, 124 Wash.2d 1006, 877 P.2d 1288 (1994).
[5] Former 40 U.S.C. § 270b(b) (1999) read, in pertinent part, that a suit be brought "in the United States District Court for any district in which the contract was to be performed and executed and not elsewhere." In 2002, congress substantially amended this section and the provision was recodified as 40 U.S.C. § 3133(3)(B).