[No. 27719-4-III.    Division Three.    January 21, 2010.]

DAN MOORE, *Respondent*, v. TRAVIS FLATEAU, *Petitioner*.

*Christopher Keith Stump* (of *Law Offices—C. Keith Stump PLLC*); and *Philip A. Talmadge* and *Emmelyn Hart-Biberfeld* (of *Talmadge/Fitzpatrick*), for petitioner.

*Daniel R. Case* (of *Larson Berg & Perkins PLLC*), for respondent.

¶1 KORSMO, J. — This breach of contract suit was filed in Yakima County where the plaintiff, Dan Moore, conducted business. The Yakima County Superior Court denied defendant Travis Flateau's motion to change venue to King County where he resides. This court granted discretionary review of that decision. We now reverse and remand.

## FACTS

¶2 The parties contracted in 2004 to sell Flateau's motorcycle modification business to Moore via two documents. The first agreement sold the business, while the second provided for Mr. Flateau to work exclusively for Mr. Moore. Neither agreement included a venue provision, but the sales contract did provide for some disputes to be resolved by an arbitrator in Seattle. The agreements called for notice to be mailed to Mr. Flateau at a Redmond address and to Mr. Moore at a Yakima address.

¶3 Mr. Moore sent notice, via certified mail, on February 22, 2008 to Mr. Flateau at a Bothell address[1] that he was terminating the contracts. Mr. Flateau responded by mail on April 1, demanding that Moore stop breaching the agreement. He threatened to sue. Moore filed suit two days later in Yakima County, alleging breach of contract and a "tort of promissory estoppel." He sought a declaratory judgment and injunctive relief.[2] The suit was not immediately served on Mr. Flateau.

¶4 Mr. Flateau filed suit in King County the following month. His action alleged breach of the two contracts. Mr. Moore then notified Mr. Flateau about the Yakima action and moved to dismiss the King County action. The King County Superior Court granted the motion on the basis that it lacked jurisdiction because the Yakima action had been filed first. Mr. Flateau sought reconsideration. At the sug-

---

[1] Mr. Flateau's Bothell address is in King County rather than in Snohomish County.

[2] Mr. Moore lived in Kittitas County at the time suit was filed.

gestion of the court, the parties stipulated that either Yakima County or King County would be an appropriate venue to resolve all of the claims depending upon the outcome of a motion in Yakima County to change venue. The stipulation also expressly provided that it would not affect Court of Appeals review of a Yakima County ruling. Once the stipulation entered, King County vacated the dismissal order and stayed the case pending a decision by Yakima County.

¶5 The Yakima County Superior Court denied Mr. Flateau's motion for change of venue. The court found that it was unclear where Mr. Flateau lived. The court also determined that at least a portion of the claim arose in Yakima County because it involved damage to personal property, so the matter could be heard in Yakima. After the court denied a motion for reconsideration, Mr. Flateau sought review in this court. Believing the rulings constituted obvious error, a commissioner of this court granted discretionary review.

## ANALYSIS

¶6 This dispute turns on how the alleged damages are characterized. Mr. Moore contends he suffered injury to his personal property—his business—thus entitling him to sue in a county where the cause of action arose. Mr. Flateau contends the alleged damages are economic in nature rather than personal and, thus, he is entitled to be sued in his home county under the general venue statute. We agree with that latter view of the matter.

*Venue*

¶7 Well-settled standards of review govern this action. The purpose of statutory construction is to give effect to the meaning of legislation. *Roberts v. Johnson*, 137 Wn.2d 84, 91, 969 P.2d 446 (1999). Construction of a statute is a question of law that an appellate court reviews *de novo. Cosmopolitan Eng'g Group, Inc. v. Ondeo Degremont*,

*Inc.*, 159 Wn.2d 292, 298, 149 P.3d 666 (2006). Statutes that are clear and unambiguous do not need interpretation. *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003). "Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." *Whatcom County v. City of Bellingham*, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

¶8 RCW 4.12.030 provides grounds for which a court may change venue. Subsection (1) provides that venue may be changed when the complaint is not brought in the proper county. The succeeding subsections provide for change of venue in other circumstances such as the convenience of the witnesses, the ends of justice, and judicial disqualification. RCW 4.12.030(2)-(4).

¶9 Mr. Moore argues that a trial court's decision on a motion to change venue is reviewed for abuse of discretion. *E.g., Russell v. Marenakos Logging Co.*, 61 Wn.2d 761, 765, 380 P.2d 744 (1963). We agree that the discretionary decision to change venue that properly exists under any of the rationale of subsections (2) through (4) is subject to abuse of discretion review. However, we believe the question presented by RCW 4.12.030(1) of whether venue was additionally proper is a legal question that we review *de novo*. *Keystone Masonry, Inc. v. Garco Constr., Inc.*, 135 Wn. App. 927, 932, 147 P.3d 610 (2006).

¶10 RCW 4.12.025 is the general venue statute for superior court. Subsection (1) of that statute provides in part:

> An action may be brought in any county in which the defendant resides, or, if there be more than one defendant, where some one of the defendants resides at the time of the commencement of the action. For the purpose of this section, the residence of a corporation defendant shall be deemed to be in any county where the corporation: (a) Transacts business; (b) has an office for the transaction of business; (c) transacted business at the time the cause of action arose; or (d) where any person resides upon whom process may be served upon the corporation.

This statute is recognized as the default venue provision for civil actions in this state. It governs unless a specific statute applies. *Russell*, 61 Wn.2d at 765.

■ ■ ¶11 RCW 4.12.020 provides that certain actions shall be brought in the county where the action arose. It states in relevant part:

> Actions for the following causes shall be tried in the county where the cause, or some part thereof, arose:
>
> . . . .
>
> (3) For the recovery of damages *for injuries to the person or for injury to personal property*, the plaintiff shall have the option of suing either in the county in which the cause of action or some part thereof arose, or in the county in which the defendant resides, or if there be more than one defendant, where some one of the defendants resides, at the time of the commencement of the action.

RCW 4.12.020 (emphasis added).

¶12 Mr. Moore contends that his complaint for damages is an action for injury to personal property, thus granting him the right under RCW 4.12.020(3) to bring the action in the county where he worked. *Russell*, 61 Wn.2d at 765.

¶13 Prior to amendment[3] in 2001, subsection (3) had addressed only damages arising from motor vehicle accidents. The emphasized language was added by the amendment, while the language referring to vehicle accidents was deleted. The amended provision does not appear to have been addressed by any appellate court. We note that the additional language is identical to that already existing in RCW 3.66.040(2), the district court venue statute, which also does not appear to have been construed by any court. RCW 3.66.040(2) likewise was amended by the same 2001 enactment to remove motor vehicle language similar to that removed from RCW 4.12.020(3). LAWS OF 2001, ch. 45, § 1. The bill report indicates that the purpose of the amendment was to eliminate an inconsistency by allowing all injury

---

[3] LAWS OF 2001, ch. 45, § 2.

actions, not just those caused by motor vehicle accidents, to be brought in the plaintiff's home county. S.B. REP. on Substitute S.B. 5241, at 2, 57th Leg., Reg. Sess. (Wash. 2001).

¶14 Neither legislative history materials nor prior decisions illuminate the meaning of the critical language added in 2001: "for injuries to the person or for injury to personal property." LAWS OF 2001, ch. 45, § 2. More particularly, what constitutes "injury to personal property"? The Legislature has not defined the term in the venue statutes.[4] The widely used legal dictionary defines the phrase "personal property" as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property." BLACK'S LAW DICTIONARY 1254 (8th ed. 2004).

¶15 Mr. Moore points to our decision construing somewhat similar language under the Consumer Protection Act (CPA), chapter 19.86 RCW. *Ambach v. French*, 141 Wn. App. 782, 173 P.3d 941 (2007), *rev'd*, 167 Wn.2d 167, 216 P.3d 405 (2009). In *Ambach*, this court determined that the cost of shoulder surgery was an injury to "business or property" under the CPA. *Id.* at 788-790. After the briefs were filed in this case, the Washington Supreme Court unanimously reversed, concluding that the cost of surgery was in fact a personal injury that was not compensable under the CPA rather than an injury to "business or property." 167 Wn.2d at 178-179. Because the CPA did not define the term "business or property," the court reviewed the extensive case law to see what types of damages courts had permitted recovery for under the statute. *Id.* at 172-177. In the course of its analysis, the court focused on the factual basis for the legal claim to ascertain what type of interest existed. *Id.* The court ultimately concluded that the financial costs of surgery were a personal injury rather than a property loss. *Id.* at 178-179.

¶16 Mr. Flateau argues, in turn, that the plain language of RCW 4.12.020(3) indicates that the statute is limited to

---

[4] The term has been broadly defined for tax purposes. *See* RCW 84.04.080. The parties do not suggest that definition has application here.

tort actions. Br. of Pet'r at 15. While that is a fair reading of the legislative history behind the 2001 amendments, nothing in the language of the statute specifically references tort actions.

¶17 In the absence of guidance from the Legislature on the meaning of the phrase "injury to personal property," we approach the matter as the Supreme Court did in *Ambach* by looking at the underlying factual case. The essential factual basis for this action is the allegation that Mr. Flateau did not live up to his responsibilities under the two contracts with resultant damages to Mr. Moore's business. This is a classic breach of contract case. The alleged damages are classic economic losses. We conclude that this case is not about "injury to personal property" for venue purposes.

¶18 The scant legislative history supports this approach. The bill was described by the sole witness as an effort to treat all injury cases the same for venue purposes rather than have a special rule solely for automobile accidents. S.B. Rep. on Substitute S.B. 5241, at 2. If the Legislature intended to expand the special venue rule to include all damage actions, which is essentially what Mr. Moore is arguing, it did so in a very stealthy manner. Rather, the 2001 amendment appears to do nothing more than to treat all injury actions in the same manner as automobile accident cases. There simply is nothing in the history to suggest that damage to a business interest was intended to be included in the concept of injury to personal property.

¶19 We conclude that this contract-based dispute between two businessmen is about economic business damages rather than "injury to personal property." RCW 4.12.020(3) does not provide venue in Yakima County due to an injury to personal property occurring there.

¶20 The trial court also found, and respondent Moore argues, that it is an open question where Mr. Flateau actually lives. The argument is largely based on clumsily worded language from Mr. Flateau's King County pleading in which he stated that he "lived and worked in King

County and throughout the state of Washington."[5] The argument also is irrelevant. The proper question was: what basis was there for believing Yakima County was a proper venue to resolve this dispute? Since none of the special venue statutes applied, the general venue statute was applicable and the case could be brought in Yakima County only if Mr. Flateau lived there. However, there is no evidence in this record that Mr. Flateau ever lived in Yakima County. The ambiguous statement filed a month *after* the Yakima filing certainly could not have formed a basis for bringing the action in that county. Rather, the only evidence in the record was that Mr. Flateau lived in King County. Mr. Moore used three different King County addresses to contact Mr. Flateau, including the correspondence days before the Yakima action was filed. There was no evidence that Mr. Flateau lived anywhere other than King County. The trial court's finding of fact to the contrary is clearly erroneous. The purported dispute about whether Mr. Flateau lived in King County was not affirmative evidence that he lived in Yakima County.[6] This allegation does not support venue in Yakima County.

■ ¶21 Finally, Mr. Moore, citing to CR 1, claims that the action should be maintained in Yakima County in order to more expeditiously resolve the case since that case is further advanced than the King County litigation.[7] We do not read the rule as creating authority for ignoring or overturning venue legislation, even if we could do so. *See Russell*, 61 Wn.2d at 765. We also question the factual premise for the argument. Even though the King County action has been stayed, any discovery or other advances in

---

[5] A later document clarified that Mr. Flateau lived in King County and worked there and throughout the state.

[6] The court's findings also reflect that Mr. Flateau also did business in Yakima County. However, RCW 4.12.025 creates venue based on transacting business in a county only for a corporate defendant. Neither party to this action is corporate.

[7] CR 1: SCOPE OF RULES. "These rules govern the procedure in the superior court in all suits of a civil nature whether cognizable as cases at law or in equity with the exceptions stated in rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action."

the Yakima litigation would be available to the parties when this case is changed to King County. There is no advantage to maintaining the case in Yakima.

¶22 Yakima County was not a proper venue for this case. The trial court erred in denying the motion to change venue.

*Attorney Fees*

¶23 Both parties claim they are entitled to attorney fees under their contracts, and Flateau claims attorney fees under the venue change statute, RCW 4.12.090(1). We conclude that the contract provision does not apply and remand to the trial court for consideration of fees under the statute.

¶24 The service agreement contract provided:

> If any legal action or other proceeding is brought for the enforcement of this agreement, or because of an alleged dispute, breach, default, or misrepresentation in connection with any of the provisions of this agreement, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees and other costs incurred in that action or proceeding, in addition to any other relief to which it may be entitled.

Clerk's Papers 113.

¶25 This provision grants fees for success in an action brought under the contract. We do not believe that success in one aspect of the case entitles a party to fees at this time. The ultimate disposition of the case will determine if any party is entitled to fees under the contract.

¶26 RCW 4.12.090(1) states in relevant part

> if the court finds that the plaintiff could have determined the county of proper venue with reasonable diligence, it shall order the plaintiff to pay the reasonable attorney's fee of the defendant for the changing of venue to the proper county.

This statute permits awards of fees for both trial and appellate court proceedings. *Keystone Masonry*, 135 Wn. App. at 936-938.

¶27 In *Keystone*, the plaintiff sued defendant Garco in Pierce County despite a contractual provision that called for suit in Spokane County. The plaintiff contended that the contract provision could not supersede the venue provided by the public works lien statute, RCW 60.28.030. *Keystone Masonry*, 135 Wn. App. at 930-931. Division Two of this court disagreed, pointing first to legislative authorization for parties to select venue by agreement. *Id.* at 932-933. The court also determined, in a matter of first impression, that the contract provision was still valid despite the public works lien statute's venue provision. *Id.* at 934-936. The court then went on to award attorney fees under RCW 4.12.090, concluding that the plaintiff could have determined with reasonable diligence that Spokane County was the proper venue. *Id.* at 937. The matter was remanded for the trial court to award fees. *Id.*

¶28 Similarly here, Moore's reliance on the injury venue statute should not have prevented him from determining that King County was the proper venue for filing his action since it was the defendant's county of residence. We, too, remand for the trial court to award Flateau reasonable attorney fees in that court and on this appeal.

¶29 We reverse and remand with directions to change venue to King County and award attorney fees in accordance with this opinion.

KULIK, C.J., and SWEENEY, J., concur.

Review denied at 168 Wn.2d 1042 (2010).