# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 58969-9-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| HENRY F. WARD, JR, | |
| Appellant. | |

CHE, J. — Henry Ward appeals the denial of his motion for reimbursement of his drug court participant fee.

In 2019, the State charged Ward with one count of possession of a controlled substance under former RCW 69.50.4013(1). The parties entered a drug court contract, which stated that Ward's charge would be dismissed upon his successful completion of a drug treatment program. The contract required Ward to pay a $500 participant fee, and allowed the court to set the fee at a different amount (fee-setting provision). Before Ward's completion of the program, the Supreme Court issued *State v. Blake*, which invalidated former RCW 69.50.4013(1). 197 Wn.2d 170, 195, 481 P.3d 521 (2021). The State subsequently dismissed the pending charge against Ward, and Ward moved for a refund of the amount that he had paid toward the drug court participant fee. The trial court denied Ward's motion for reimbursement.

Ward argues that (1) the trial court erred in setting the drug court fee above $250 for deferred prosecutions and failing to inquire into Ward's ability to pay, (2) the trial court erred by

failing to consider or apply the fee-setting provision, (3) the trial court violated Ward's due process rights by denying Ward a refund, (4) the drug court fee violated the Eighth Amendment prohibition against excessive fines, (5) Ward is due a refund under the contract principles of frustration, unjust enrichment, and mutual mistake, (6) Ward received ineffective assistance of counsel when his attorneys failed to object to the imposition of the participant fee and invoke the fee-setting provision at the motion, and (7) the State exacted the drug court fee from Ward through extortion.

We hold that (1) we decline to consider Ward's claims that the trial court erred in setting the drug court fee above $250 and failed to inquire into Ward's ability to pay because they were not properly preserved below, (2) the trial court did not err by failing to consider or apply the fee-setting provision, (3) the trial court did not violate due process by denying Ward a refund, (4) the drug court fee did not violate the Eighth Amendment prohibition against excessive fines, (5) Ward is not due a refund under the contract principles of frustration, unjust enrichment, and mutual mistake, (6) Ward did not receive ineffective assistance of counsel when his attorneys did not raise the trial court's "errors," and (7) the State did not exact the drug court fee from Ward through extortion.

We affirm the trial court's decision to deny Ward's motion for reimbursement.

FACTS

BACKGROUND

In June 2019, the State charged Ward with one count of possession of a controlled substance under former RCW 69.50.4013(1) (2013). The next month, the parties entered into a drug court contract. The contract stated that the trial court would dismiss Ward's pending charge

upon completion of certain requirements, including satisfactory completion of treatment. A

provision required Ward to pay a $500 participant fee, and in "extraordinary circumstances," the

court maintained the ability to set the fee at a different amount based upon ability to pay and/or

other factors. Clerk's Papers (CP) at 44. Ward acknowledged reading and understanding the

contract, and giving up significant trial rights by entering into the drug court contract.

More than a year into Ward's drug court participation, the Supreme Court issued *Blake*,

which held former RCW 69.50.4013(1) unconstitutional as it violated the due process clauses of

both the state and federal constitutions. 197 Wn.2d at 195. Shortly thereafter, the State moved

to dismiss the charge against Ward.

In September 2023, Ward moved for a refund of the $370 he had paid toward the $500

participant fee. [1] In his motion, Ward asserted violations of due process under *Nelson v.

Colorado*, 581 U.S. 128, 137 S. Ct. 1249, 197 L. Ed. 2d 611 (2017). He claimed under *Nelson*,

where the court held that the State was obliged to refund fees exacted from defendants as a

consequence of invalidated convictions, he was entitled to a refund under due process.

Additionally, Ward raised the invalidity of the drug court contract under the principles of duress

and mutual mistake, and he mentioned that the fee was extracted from him by threat of

prosecution.

The State responded that Ward's due process argument failed because *Nelson* pertained

only to vacated convictions, whereas Ward never pleaded guilty and lost his presumption of

innocence under the drug court contract. The State also argued that Ward had received

substantial benefits through the contract, including the delay of his prosecution, the obtainment

---

[1] Ward requested a refund of $320 in his motion, but the record shows that he paid $370.

of drug court services, and the later dismissal of his charge. The State claimed that Ward failed to demonstrate how *Blake* invalidated the lawfulness of his previous agreement.

At the motion hearing, the trial court stated that though Ward would have been entitled to a refund had he been convicted, there was no guiding caselaw on a "pre-adjudication imposition of a cost to participate in a special diversion type program." 1 Rep. of Proc. (1 RP) at 14. Regarding Ward's contract arguments, the court found that he received "a sufficient return" from the fee he paid in the form of participation in the program and that there was "no basis to award him with a return of that portion of his drug court fee that he paid." 1 RP at 15-16. The court denied Ward's motion for reimbursement.

Ward appeals.

## ANALYSIS

### I. RAP 2.5

Ward contends that the trial court erred in imposing the drug court fee. First, Ward claims the trial court erred by imposing a $500 fee when former RCW 10.01.160(2) limited costs to $250 for a deferred prosecution program. Second, Ward claims the trial court erred by failing to inquire into Ward's ability to pay before imposing the fee, which it was required under former RCW 10.01.160(3) and *State v. Blazina*, 182 Wn.2d 827, 838, 344 P.3d 680 (2015). The State contends that Ward did not raise any of these arguments below and this court should decline to consider the arguments under RAP 2.5. We agree with the State and decline to hear these issues under RAP 2.5 because they were not preserved below.

A.      *Legal Principles*

Under RAP 2.5(a), we may decline to review unpreserved errors. "A party must inform the court of the rules of law it wishes the court to apply and afford the trial court an opportunity to correct any error." *State v. Lazcano*, 188 Wn. App. 338, 355, 354 P.3d 233 (2015). To adequately preserve the issue for appellate review, the argument should be more than fleeting. *Id.* "We may decline to consider an issue that was inadequately argued below." *Id.*

However, an appellant may bring an unpreserved error if it is a "manifest error affecting a constitutional right." RAP 2.5(a)(3). To claim an error was "manifest," the appellant must show that there was actual prejudice. *State v. Kirkman*, 159 Wn.2d 918, 935, 155 P.3d 125 (2007). Actual prejudice requires a "plausible showing by the defendant that the asserted error had practical and identifiable consequences in the trial of the case." *Id.* Courts "do not assume the alleged error is of constitutional magnitude;" instead, "[w]e look to the asserted claim and assess whether, if correct, it implicates a constitutional interest as compared to another form of trial error." *State v. O'Hara*, 167 Wn.2d 91, 98, 217 P.3d 756 (2009).

B.      *Ward's Fails to Preserve the Claims He Makes on Appeal*

Ward claims that the trial court erred in setting the fee above $250 for deferred prosecutions and without making an inquiry into his ability to pay under former RCW 10.01.160(3) and *Blazina*. Ward did not raise these arguments at the motion hearing or in his motion below. He does not address RAP 2.5 on appeal. Thus, Ward's claims are unpreserved, and we decline to consider them under RAP 2.5. *Kirkman*, 159 Wn.2d at 926 ("The general rule is that appellate courts will not consider issues raised for the first time on appeal").

## II. FEE-SETTING PROVISION

Ward claims that the trial court erred by failing to sua sponte consider or apply the fee-setting provision as a basis for Ward's refund. Ward claims that the invalidation of former RCW 69.50.4013 by *Blake* was an "extraordinary circumstance" that called for such consideration and application of the provision. Br. of Appellant at 73-74. We disagree.

The legal effect of a contract is a question of law subject to de novo review. *Keystone Masonry, Inc. v. Garco Constr., Inc.*, 135 Wn. App. 927, 932, 147 P.3d 610 (2006). Questions of law are reviewed de novo. *Ang v. Martin*, 154 Wn.2d 477, 481, 114 P.3d 637 (2005).

The fee setting provision states, "In extraordinary circumstances the court *maintains* the ability *to set* the [participant] fee at a different level based upon ability to pay and/or other factors." CP at 20 (emphasis added). Ward submits that the *Blake* decision was an extraordinary circumstance that triggered this provision and required the trial court to lower the fee. But the provision's language specifically refers to the setting of the participant fee and contains no language indicating that the court may re-set or alter the fee over a year and a half after a participant had entered into the contract. Furthermore, even if the court had the authority to retroactively set a lower fee, the contract is void of language that mandates the court to consider or do so. Rather, the provision only states that the court maintains the ability to set the fee.[2]

---

[2] Ward briefly mentions that being able to request the court to set his fee at a different level was a part of his "bargain" in the contract. Br. of Appellant at 74. Ward does not cite to authority to support this, nor does he explain how being able to request the setting of the fee would have required the trial court to take any action, particularly when not raised below. The court will not review an issue raised in passing or unsupported by authority or persuasive argument. *State v. Johnson*, 119 Wn.2d 167, 171, 829 P.2d 1082 (1992); *see* RAP 2.5.

Therefore, the trial court did not err by failing to consider or apply the fee-setting provision post-*Blake*.

## III. DUE PROCESS

Ward argues that he is entitled to a refund because the State is obliged to refund fees and restitution exacted from the defendant upon, and as a consequence of, an invalidated conviction. Analogously, those not convicted of a crime, like Ward, cannot fare worse than those with an invalidated conviction.

Ward also contends that the drug court participant fee violates the Eighth Amendment's prohibition on excessive fines. We disagree that Ward's due process arguments entitle Ward to a refund.

A.      *Legal Principles*

The United States Constitution and Washington Constitution protect against the deprivation of "life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3. Federal and state due process claims are subject to the same standards. *State v. Nelson*, 32 Wn. App. 2d 679, 685-86, 558 P.3d 197 (2024).

In comporting with due process, when a criminal conviction is invalidated, the State is required to refund fees exacted from the defendant as a consequence of that conviction. *Nelson*, 581 U.S. at 130.

We review questions of law, including constitutional due process guarantees, de novo. *State v. Derenoff*, 182 Wn. App. 458, 465, 332 P.3d 1001 (2014).

B.      *The Trial Court Did Not Deprive Ward of His Property Without Due Process*

Ward's first argument begins with reliance on *Nelson v. Colorado* for the proposition that his partial payment must be refunded under due process principles, but his reliance is misplaced. 581 U.S. 128.  The court in *Nelson* held that when a criminal conviction is invalidated by a reviewing court and no retrial will occur, the State is obligated to refund fees exacted from the defendant upon, and as a consequence of the conviction.  *Id.* at 130.  Not doing so violates due process.  *Id.*

Ward claims his case is similar to *Nelson* because "no further criminal process is implicated, and the issue involves the continuing deprivation of property with no possibility of further prosecution."  Br. of Appellant at 26-27.  But *Nelson* is inapplicable under these facts. The full citation from *Nelson* specifically states "the continuing deprivation of property after a *conviction* has been reversed or vacated, with no prospect of reprosecution."  *Nelson*, 581 U.S. at 135 (emphasis added).  And Ward acknowledges, unlike the defendants in *Nelson*, Ward was never convicted.

Under the drug court contract, Ward's charges would have been dismissed upon successful completion of the drug treatment program and satisfaction of other graduation requirements.  But if Ward did not complete the contract requirements, he would have been prosecuted further, at least prior to *Blake*.  Furthermore, Ward made payments toward a contractual participation fee, he voluntarily entered into the drug court contract, and he received the benefits of drug court participation for more than a year.  Before entering into the contract, Ward acknowledged reading and understanding the contract, and that he was giving up significant trial rights.  Because the State did not exact the participant fee from Ward upon, and

8

as a consequence of any conviction, and because Ward would have been subject to further prosecution pre-*Blake*, *Nelson* does not apply.

Ward contends that *Blake* left courts and prosecutors without authority to charge and prosecute Ward for the simple possession crime and thus, the contract was invalid from its inception. And because the statute was invalidated, the State and court were acting without authority over Ward. But at the time of the parties' entry into the contract, simple drug possession was a recognized crime and its later invalidation did not make the statute a nullity. *State v. Olsen*, 3 Wn.3d 689, 701, 555 P.3d 868 (2024). ("[We] disagree with *Olsen* that an unconstitutional statute is a nullity, void ab initio, that renders his plea unknowing and involuntary. When he pleaded guilty, simple drug possession was a valid crime."). Therefore, Ward's contract also was not a nullity.

Because Ward's reliance on *Nelson* is misplaced and *Blake* does not render RCW 69.50.4013 a nullity, we hold that the trial court did not deprive Ward of his property without due process.

C. *The Drug Court Participant Fee Did Not Qualify as an Excessive Fine under the Eighth Amendment*

Ward contends that the drug court participant fee is an unlawful forfeiture that violates the Eighth Amendment's prohibition on excessive fines. He argues that the fee was at least partially punitive because of the deterrent purpose of the fee and because he would have been found guilty of his criminal charge had he refused to pay the fee. Ward contends that the fee was "essentially a pay-or-play fee to enter drug court and become subject to its various punitive

conditions," and if he did not pay the fee he would be found guilty and sentenced. Br. of Appellant at 57-58. We disagree.

Both the federal and state constitutions deny the State the power to issue excessive fines. U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."); WASH. CONST. art. 1 § 14 ("Excessive bail shall not be required, excessive fines imposed, nor cruel punishment inflicted."). To trigger the excessive fines clause, a sanction must be a "fine," and it must be "excessive." *City of Seattle v. Long*, 198 Wn.2d 136, 162-63, 493 P.3d 94 (2021). The first requirement is met when the state action is punitive. *Id.* at 163. The second requirement is met when the state action is "grossly disproportional to the offense." *State v. Ramos*, 24 Wn. App. 2d 204, 215, 520 P.3d 65 (2022).

Ward claims that similar to the statutes examined in *State v. Villela*, 194 Wn.2d 451, 462, 450 P.3d 170 (2019) and *Long*, the participant fee is partially punitive because it is a deterrent in that if he did not pay it, he would be found guilty. The court in *Villela* examined a statute requiring the temporary deprivation of a car following a DUI (driving under the influence) arrest and found it unconstitutional because it waived the constitutional requirements to seize a car. *See* 194 Wn.2d at 462.

In *Long*, the Supreme Court discussed *Villela* and concluded that the statute in *Villela* was "plainly a punishment" because the legislature's intent was to deter those arrested for DUI, and "[d]eterrence has traditionally been viewed as a goal of punishment." 198 Wn.2d at 165-66. But Ward fails to show what deterrent purpose the participant fee serves, if any, where drug court does not punish a defendant for unlawful possession of a controlled substance but rather provides a *voluntary* treatment program that is an alternative to traditional prosecution.

Moreover, payment of a contractual fee does not deter potential future illegal conduct and potential future illegal conduct does not leave an individual with no constitutional protections. Because Ward fails to show how the drug court participant fee is punitive, it is not a fine and the excessive fines clause does not apply. Thus, we hold that the drug court participant fee was not an excessive fine under the Eighth Amendment.

## IV. CONTRACT PRINCIPLES

Ward argues that he is entitled to a refund under contract principles of frustration, unjust enrichment, and mutual mistake. We disagree that Ward is entitled to a refund under these contract principles.

### A. *Ward Is Not Due a Refund under Contract Principle of Frustration*

Ward argues that he is due a refund under the doctrine of frustration, but his argument is without merit.

Application of the doctrine of frustration is a question of law. *Felt v. McCarthy*, 130 Wn.2d 203, 207, 922 P.2d 90 (1996). We review questions of law de novo. *Tobin v. Dep't of Lab. & Indus.*, 145 Wn. App. 607, 615, 187 P.3d 780 (2008), *aff'd*, 169 Wn.2d 396 (2010). The doctrine states,

> Where, after a contract is made, a party's principal purpose is substantially frustrated without [their] fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, [their] remaining duties to render performance are discharged, unless the language or the circumstances indicate the contrary.

Restatement (Second) of Contracts § 265 (A.L.I. 1981).

Under general contract principles, the remedy for a frustrated contract is restitution. *See, e.g.*, *Id.* § 377 ("A party whose duty of performance does not arise or is discharged as a result of

impracticability of performance, frustration of purpose, nonoccurrence of a condition or disclaimer by a beneficiary is entitled to restitution for any benefit that [they] ha[ve] conferred on the other party by way of part performance or reliance"); *Wash. State Hop Producers, Inc., Liquidation Tr. v. Goschie Farms, Inc.*, 112 Wn.2d 694, 697, 773 P.2d 70 (1989) (affirming summary judgment ordering restitution due to supervening frustration).

When there is partial performance by both parties to a frustrated contract, each party is due their restitution.  *See* Restatement (Second) of Contracts § 272 ("In any case governed by the rules stated in this Chapter, *either party* may have a claim for relief including restitution under the rules stated in §§ 240 and 377") (emphasis added); *Id.* § 377 cmt. a ("Furthermore, in cases of impracticability or frustration the other party is also ordinarily relieved of any obligation of rendering the return performance that he has promised on the ground of failure of performance (§ 267).  Under the rule stated in this Section that party is also entitled to restitution.").

Here, the *Blake* decision frustrated the contract, and subsequent dismissal of Ward's charge discharged Ward's duty to continue performing.  *See Id.* § 265.  Because the contract was frustrated, Ward alone would be entitled to restitution under general contract principles.  *See Id.* § 377.

However, when there is partial performance by both parties to a contract, like here, both parties are due restitution.  *See Id.* § 272, § 377 cmt. a.  The State partially performed the conditions of the contract by deferring Ward's prosecution before *Blake* and providing Ward drug treatment.  Therefore, the State is also due restitution for the benefits it conferred to Ward under the frustrated contract.  It follows that Ward is due restitution to the extent that his $370 payment exceeded the benefits the State conferred to him.  The trial court found that Ward

received a sufficient return on the amount that he paid through the benefits of his participation in the drug court. Ward fails to show that he did not receive a sufficient return for his $370 participant fee payment such that he is due restitution. Therefore, we hold that Ward is not due a refund under the doctrine of frustration.

B.  *Ward Is Not Due a Refund under Contract Principle of Unjust Enrichment*

Ward also argues that he is due a refund under the doctrine of unjust enrichment. We are unpersuaded by this argument.

The doctrine of unjust enrichment provides "that [a] person shall not be allowed to profit or enrich [them]self inequitably at another's expense." *Lloyd v. Ridgefield Lumber Ass'n*, 38 Wn.2d 723, 735-36, 231 P.2d 613 (1951). "Unjust enrichment is a basis for recovering the value of a benefit conferred on another party in the absence of a *contractual relationship*." *Bircumshaw v. State*, 194 Wn. App. 176, 205, 380 P.3d 524 (2016) (emphasis added). In a relationship "governed by contract, unjust enrichment would not be an appropriate theory of liability." *Id.* at 205-06.

Here, the parties entered into a contract. Therefore, unjust enrichment is not an appropriate theory of liability in the context of a contractual relationship. *Id.* Because Ward paid the $370 pursuant to a contract, we hold that Ward is not due a refund under the doctrine of unjust enrichment.

C.  *Ward Is Not Due a Refund Under Contract Principle of Mutual Mistake*

Finally, Ward claims that he is due a refund under the doctrine of mutual mistake, but his claim is without merit. The doctrine states,

> Where a mistake of both parties at the time a contract was made as to a basic assumption on which the contract was made has a material effect on the agreed

exchange of performances, the contract is voidable by the adversely affected party unless he bears the risk of the mistake under the rule stated in § 154.

Restatement (Second) of Contracts § 152 (A.L.I. 1981).[3] "Equity may allow avoidance of a contract when both parties independently make a clear bona fide mutual mistake." *Pub. Util. Dist. No. 1 of Lewis County. v. Wash. Pub. Power Supply Sys.*, 104 Wn.2d 353, 362, 705 P.2d 1195 (1985). "A court sitting in equity has broad discretion to shape relief." *Hough v. Stockbridge*, 150 Wn.2d 234, 236, 77 P.3d 216 (2003).

Ward claims that the contract was made on the mistaken assumption that the government had valid police power to prosecute. Ward claims that the government never had valid police power because *Blake* rendered RCW 69.50.4013 void ab initio. We disagree.

In 2024, the Supreme Court issued two opinions, *State v. Olsen*, 3 Wn.3d 689, 555 P.3d 868 (2024) and *State v. Willyard*, 3 Wn.3d 703, 555 P.3d 876 (2024), that addressed the retroactive effect of *Blake* on guilty pleas entered pursuant to former RCW 69.50.4013. The court held in both cases that *Blake* does not render RCW 69.50.4013 void ab initio. *Olsen*, 3 Wn.3d at 701; *Willyard*, 3 Wn.3d at 716.

In *Olsen*, the Supreme Court concluded that the unconstitutional simple drug possession statute did not retroactively render Olsen's guilty plea unknowing and involuntary allowing vacation of Olsen's plea, instead, it concluded that Olsen was entitled to have his conviction vacated. *Olsen*, 3 Wn.3d at 701. Analogously, *Blake* does not retroactively render Ward's drug

---

[3] Section 154 states, "A party bears the risk of a mistake when (a) the risk is allocated to him by agreement of the parties, or (b) he is aware, at the time the contract is made, that he has only limited knowledge with respect to the facts to which the mistake relates but treats his limited knowledge as sufficient, or (c) the risk is allocated to him by the court on the ground that it is reasonable in the circumstances to do so."

court contract a nullity or unknowing and involuntary. Therefore, we hold that Ward is not due a refund under the doctrine of mutual mistake.

Because the doctrines of frustration, unjust enrichment, and mutual mistake do not apply, we hold that Ward is not due a refund under these contract principles.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL (IAC)

Ward contends that he received IAC when he entered the drug court contract and his first attorney failed to object to the imposition of the participant fee under former RCW 10.01.160(2), which limited the deferred prosecutions costs to $250, and require the trial court to inquire into Ward's ability to pay under former RCW 10.01.160(3) and *Blazina*. Relatedly, Ward claims he received IAC when his second attorney failed to alert the trial court of these errors when he moved for the refund. Finally, Ward claims he received IAC when his second attorney failed to alert the trial court of the fee-setting provision and request the trial court reduce the fee under the provision post-*Blake*. We disagree that Ward received IAC.

A.     *Legal Principles*

A criminal defendant has a right to effective assistance of counsel at every critical stage of the proceeding. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. To show IAC, a defendant must show both deficient performance and that the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Performance is deficient if it falls below an objective standard of reasonableness. *State v. Bertrand*, 3 Wn.3d 116, 128, 546 P.3d 1020 (2024). We strongly presume that counsel's performance was effective. *Bertrand*, 3 Wn.3d at 130.

To demonstrate prejudice, a defendant must show a reasonable probability that, absent the deficient performance, the outcome of the trial would have differed. *Bertrand*, 3 Wn.3d at 129. If a claim of IAC fails to support a finding of either deficiency or prejudice, it fails, and we need not address both components of the inquiry. *Strickland*, 466 U.S. at 697.

If a defendant centers their claim of IAC on their attorney's failure to object, then they must show that the objection would likely have succeeded. *State v. Crow*, 8 Wn. App. 2d 480, 508, 438 P.3d 541 (2019).

B.      *Ward Did Not Receive IAC*

First, Ward claims that he received IAC when his attorney failed to object to the imposition of the participant fee. Ward claims his attorney performed deficiently by failing to alert the trial court of former RCW 10.01.160(2), which he argues required the court to limit the fee to $250 for deferred prosecutions. Relatedly, Ward also claims his attorney performed deficiently by failing to require the court to inquire into his ability to pay, which he argues the court was required to do under former RCW 10.01.160(3) and *Blazina*. We disagree.

Former RCW 10.01.160(2), effective at the time Ward entered the drug court contract, states, "[c]osts shall be limited to expenses specially incurred by the state in prosecuting the defendant or in administering the deferred prosecution program under chapter 10.05 RCW or pretrial supervision. . . . *Costs for administering a deferred prosecution may not exceed* [$250]." (Emphasis added.)

Ward contends that drug court fees are "costs for administering a deferred prosecution" under former RCW 10.01.160(2). Br. of Appellant at 14. In support of his position, Ward points

16

to an unpublished opinion, *State v. Fitzgerald*,[4] where the appellate court mentioned that when the trial court required Fitzgerald to pay drug court fees, it was requiring Fitzgerald to pay costs under RCW 10.01.160.

However, former RCW 10.01.160(2) limited costs to expenses incurred in administering the deferred prosecution program, which are governed by RCW 10.05. Drug courts and other therapeutic courts are governed under a separate statutory scheme in RCW 2.30.010-130. Moreover, the language cited in *Fitzgerald* is dicta. We decline to follow dicta from the unpublished *Fitzgerald* case in light of the clear statutory schemes that differentiate between deferred prosecutions and therapeutic courts.

Importantly, RCW 10.05.010(1) states that a person "charged with a misdemeanor or gross misdemeanor may petition the court to be considered for a deferred prosecution." Because Ward was charged with a felony, simple possession of a controlled substance, he would not have been eligible for a deferred prosecution program under RCW 10.05.010(1), and thus RCW 10.01.160(2) is inapplicable.

Second, Ward claims that counsel performed deficiently in not requiring the trial court to inquire into his ability to pay under former RCW 10.01.160(3) and *Blazina*. Former RCW 10.01.160(1) states, "Except as provided in subsection (3) of this section, the court may require a defendant to pay costs. Costs may be imposed only upon a convicted defendant, except for costs imposed upon a defendant's entry into a deferred prosecution program, costs imposed upon a

---

[4] No. 56225-1-II, slip op. at 7 (Wash. Ct. App. Jan. 24, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2056225-1-II%20Unpublished%20Opinion.pdf.

defendant for pretrial supervision, or costs imposed upon a defendant preparing and serving a warrant for failure to appear."

"The court shall not order a defendant to pay costs if the defendant *at the time of sentencing* is indigent as defined in RCW 10.101.010(3) (a) through (c).  In determining the amount and method of payment of costs for defendants who are not indigent as defined in RCW 10.101.010(3) (a) through (c), the court shall take account of the financial resources of the defendant and the nature of the burden that payment of costs will impose."  Former RCW 10.01.160(3) (emphasis added).

In *Blazina* the defendant argued that prior to imposing discretionary legal financial obligations (LFOs), the sentencing judge must consider a defendant's individual financial circumstances and make an individualized inquiry in the defendant's future and current ability to pay, in addition to making the inquiry on the record.  *Blazina*, 182 Wn.2d at 837-38.  The Supreme Court held that former "RCW 10.01.160(3) required the record to reflect that the sentencing judge make an individualized inquiry into the defendant's current and future ability to pay before the court imposes LFOs.  This inquiry also requires the court to consider important factors, such as incarceration and a defendant's other debts, including restitution, when determining a defendant's ability to pay."  *Id.* at 839.

Here, Ward entered a contract for drug court without any finding of guilt.  Former RCW 10.01.160(3) and *Blazina*, apply at the time of *sentencing*.  Thus, former RCW 10.01.160(3) and *Blazina* do not apply as the trial court did not sentence Ward.  Because the trial court was not required to limit the drug court participation fee to $250 or inquire into Ward's ability to pay, counsel's performance did not fall "below an objective standard of reasonableness" when Ward's

first attorney did not object to the fee on these grounds. For the same reasons, counsel's performance did not fall "below an objective standard of reasonableness" when Ward's second attorney did not alert the trial court of these non-errors.

Next, Ward claims that he received IAC when his second attorney failed to alert and request the trial court to reduce the fee under the fee-setting provision, on the basis that *Blake* was an "extraordinary circumstance." Br. of Appellant at 73-75. But, as discussed above, the provision's language specifically refers to the setting of the participant fee and contains no language indicating that the court may re-set or alter the fee over a year after a participant had entered into the contract. Also, the trial court weighed the partial contract performance by Ward and the State to find that Ward received a sufficient return on the amount he paid such that there was no basis to award a refund.

We hold that Ward's attorneys did not perform deficiently and Ward fails to show he received IAC.

## VI. EXTORTION

Ward contends that the State obtained the participant fee from him through threats it knows are wrongful, completing the crime of extortion. Specifically, Ward argues that the State threatened to charge him with the simple drug possession crime, to take wrongful action as an official,[5] and to waive his constitutional rights when he entered into the drug court contract. We disagree that the State committed extortion.

---

[5] Ward claims that the State threatened to take wrongful action because, referring to *Blake*, the charge "was based on a statute the government lacked the police power to enact and therefore the police power to enforce and prosecute." Br. of Appellant at 70. This argument is without merit because *Blake* does not render RCW 69.50.4013 void ab initio. See *Olsen*, 3 Wn.3d at 701; *Willyard*, 3 Wn.3d at 716.

A.      *Legal Principles*

A person commits "extortion" if they knowingly "obtain or attempt to obtain by threat property or services of the owner." RCW 9A.56.110. A threat includes communicating the intent to accuse a person of a crime or bring criminal charges against any person. RCW 9A.04.110(28)(d). A threat also includes communicating the intent "to withhold testimony with respect to another's legal claim or defense" or "to take wrongful action as an official against anyone." RCW 9A.04.110(28)(g)-(h).

Under RCW 9A.56.130(2), in a prosecution based on a threat to institute criminal charges against a person, the actor may raise the defense that they "reasonably believed the threatened criminal charge to be true and that [their] sole purpose was to compel or induce the person threatened to take reasonable action to make good the wrong which was the subject of such criminal charge."

B.      *The State Did Not Commit Extortion*

Wards points to no authority for the proposition that a drug court contract and particularly, the participant fee, is a form of unlawful extortion. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none"); *see also* RAP 10.3(a)(6) ("The brief of the appellant or petitioner should contain . . . the argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record"). Even assuming without deciding that the State committed extortion through signing the drug

court contract, RCW 9A.56.130(2) yields the defense that the State reasonably believed that drug possession was a crime at the time of the contract signing.[6]

Ward also contends that aside from the threat to prosecute, the State committed extortion by threatening to withhold his testimony. Ward points to the contract provision that states, "Defendant acknowledges an understanding of, and agrees to waive the following rights," including the rights to "hear and question any witness testifying against the defendant," "have witnesses testify for the defense," and "testify at trial." CP at 21-22. But Ward mischaracterizes this provision. Under the conditions of the drug court contract, Ward agreed to waive his trial rights in exchange for the State delaying his prosecution while he participated in a therapeutic court's treatment program and the court dismissing his charge with prejudice upon successful completion of the program. *See* RCW 2.30.010 and .030. The provision that Ward points to did not provide that the State would withhold his testimony, but rather was an acknowledgement that Ward would be foregoing his trial rights, including his right to testify, by signing the contract. Because the State did not unlawfully threaten Ward, we hold that the State did not commit extortion.

CONCLUSION

We affirm the trial court's decision to deny Ward's motion for reimbursement of the drug court participant fee.

---

[6] Ward concedes that "this defense would have shielded the State's actions from criminal liability until *Blake* issued." Br. of Appellant at 72. But he claims that after *Blake* was decided, "this defense [was] no longer available." Br. of Appellant at 72. Ward points to no authority supporting his further contention. *DeHeer*, 60 Wn.2d at 126; *see also* RAP 10.3(a)(6).

No. 58969-9-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Glasgow, J.

Veljacic, A.C.J.